KRZEWINSKI *v.* ROBERT GAGE COAL CO.

1. WORKMEN'S COMPENSATION—SILICOSIS—CONSTRUCTION OF STATUTE—CONTRACTION OF OCCUPATIONAL DISEASE.

Under occupational disease amendment of workmen's compensation act, provision that silicosis is not compensable unless it is contracted within one year of the disablement, date of "contracting" silicosis is construed as being date when symptoms appear, such disease being one hard to detect upon first deposits of silica dust, and deposits of silica dust may be present without producing disease, since any other construction would take away all benefit of the provision (Act No. 10, pt. 7, § 5, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

2. STATUTES—CONSTRUCTION.

Absurdity in the construction of statutes should be avoided.

3. WORKMEN'S COMPENSATION—SILICOSIS—NOTICE OF DISABLEMENT —EVIDENCE.

In miner's proceeding to recover workmen's compensation because of disablement from silicosis, notice of such disablement

given to defendant's mine superintendent on day disablement occurred, superintendent's testimony at hearing three months later, and examination by the company doctor on day following disablement was ample evidence to justify holding employer had notice within statutory period of 120 days (Act No. 10, pt. 7, § 10, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

4. SAME—OCCUPATIONAL DISEASE—NOTICE TO EMPLOYER.

No niceties of expression are required in giving notice of disablement from occupational disease, provided the employer has actual notice (Act No. 10, pt. 7, § 10, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

5. SAME—SILICA CONTENT OF MINE—ADMISSION OF EVIDENCE—DISCRETION OF DEPARTMENT.

Department of labor and industry did not abuse its discretion in excluding testimony as to results of test of silica content of employer's mine where test was made some seven months after disablement of employee seeking workmen's compensation because of disablement from silicosis and there was no satisfactory showing that the conditions of the mine were the same as at the time of, and prior to, plaintiff's disablement (2 Comp. Laws 1929, § 8450).

Appeal from Department of Labor and Industry. Submitted October 14, 1942. (Docket No. 87, Calendar No. 42,079.) Decided December 23, 1942.

John Krzewinski presented his claim against Robert Gage Coal Company for alleged contraction of silicosis while in defendant's employ. Award to plaintiff. Defendant appeals. Affirmed.

*Oscar W. Baker, Jr.,* for plaintiff.

*E. B. Reese,* for defendant.

NORTH, J. Defendant employer appeals from an order of the department of labor and industry affirming the deputy commissioner's award of compen-

sation to plaintiff for total disability. It is agreed by examining physicians for both parties that appellee suffers from advanced silicosis made compensable by Act No. 10, pt. 7, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485–1 *et seq.*, Stat. Ann. 1942 Cum. Supp. § 17.220 *et seq.*). As one of its defenses appellant contends that appellee's claim for compensation does not come within part 7, § 5, of this act which provides among other things that disablement by such occupational disease is not compensable unless the disease is contracted within one year of the disablement.

Appellee began working in defendant's Unionville coal mine about July 31, 1937. The mine closed down for three months in 1940. During this period appellee worked on his brother-in-law's farm. When appellee went back to work August 9, 1940, he was assigned to digging coal in a room off an entry. He claims and testified that the engine used to haul the coal cars deposited quantities of sand on the rails in order to make a hump or grade in front of his room, and that the engine wheels spun the sand into the air and into his room to the extent he could not see and he had trouble breathing. He further testified that he quit on August 21, 1940, because of these conditions; that though he had no trouble breathing or working before this period from August 9 to 21, 1940, except for a case of bronchitis in 1938, he now is unable to work because of his condition.

The main question is whether the record in this case supports the finding that appellee "contracted" the disease of silicosis within 12 months previous to the date of disablement, August 21, 1940. Appellant relies heavily on *Ruffertshafer* v. *Robert Gage Coal Co.*, 291 Mich. 254, which comments on the dis-

ease of silicosis but obviously refused recovery on the ground that the parties had stipulated there was no evidence that the disease was contracted within the 12-months period. The court did there note that the average time of exposure and development of silicosis into a disability is 10 years though it might develop sooner and that clinically the process is recognizable as a disease only in its advanced stages. However, in the instant case there is no such stipulation as in the *Ruffertshafer Case* as to when the disease was contracted, so the *Ruffertshafer Case* is not controlling if from competent testimony the department found silicosis was contracted by appellee within 12 months.

It is the claim of appellee that silicosis is contracted as a disease only when its symptoms manifest themselves and become apparent. The department based its decision on this ground. The *Ruffertshafer Case* quoted 24 California Law Review, pp. 594, 595, on this question, stating:

" 'Silicosis is caused by breathing into the lungs particles of silica dust. The particles lodge on the lining membrane and by chemicalization pass through the lining, causing tissue damage and the formation of nodules. It is not certain how many particles must lodge, or over what period of time, to cause the disease. These two factors are reciprocal variants.' "

Appellant apparently relies on its two physician witnesses who testified that appellee suffers from an advanced stage which took at least 10 years to develop, that silicosis is a very slow, chronic process, and that "a man couldn't get into such an advanced state as this in less than 10 years with silicosis." One of the doctors further testified that in his opinion "nobody ever got silicosis in a year and became disabled in a year" as would be required for re-

covery of compensation under the statute. Dr. Moore, testifying for appellee, stated that silica deposits may be present to a fair degree without producing the disease of silicosis, that from a medical view silicosis becomes a disease when it produces symptoms. He testified that the clinical aspect of the silicosis in appellee's case had developed within 12 months.

In the light of the above, since silicosis is a latent, chronic process, it becomes important to discover what the legislature meant when it provided that compensation depends on the disease having been contracted within one year prior to the disablement. Did it mean that the mere deposit of silica in the lungs was to be the date of contracting? Or did it mean that the date was to be when symptoms appeared and became noticeable? The testimony in this case, the language in the *Ruffertshafer Case,* medical articles (see 24 California Law Review 594, 86 A. L. R. 563, 572) show that the beginnings of silicosis dating from the first deposit are hard to detect and usually take a long period of time before being discovered. Therefore, we are of the opinion that in order that the statute may be effective and purposeful, it must be construed as providing that the date of contracting starts when symptoms appear. Otherwise, since it takes so long for the deposits to build up so that symptoms appear, the section of the statute requiring that contracting of the disease must come within one year of the disablement would, in an effective or practical sense, take away all the benefit of the section making the disease compensable. *Kelly* v. *Laing,* 259 Mich. 212, holds that absurdity in construction of statutes should be avoided. New York * has a compensation limitation similar to that in the Michigan statute,

---

* See N. Y. Consol. Laws, chap. 67, art. 3, § 40.—Reporter.

and in *Daley* v. *H. C. Miner Lithographing Co.*, 262 N. Y. 542 (188 N. E. 56), adopted this same theory in lead poisoning cases, finding that only when lead absorption reaches a toxic stage can it be called lead poisoning. Likewise, Minnesota in *Kellerman* v. *City of St. Paul*, 211 Minn. 351 (1 N. W. [2d] 378), decided that under a similar statute the chronic process of coronary sclerosis (hardening of the arteries) is not contracted as a disease until "it first manifests itself so as to interfere with bodily functions." Otherwise, it found "the anomalous situation is presented that, while one subsection of the statute makes coronary sclerosis an occupational disease for firemen, another renders it impossible for firemen to receive its benefits."

Defendant raises several other contentions which we find are not well taken. It charges that notice was not given it within 120 days after the disablement as required by section 10, part 7, of the compensation act, Act No. 10, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485–10, Stat. Ann. 1942 Cum. Supp. § 17.229). The disablement occurred August 21, 1940. The record shows defendant's own mine superintendent testified he knew about appellee's claim he was suffering from silicosis at a hearing held before a deputy commissioner November 12, 1940, which is within the 120-day period. Appellee testified he told the superintendent of his condition on August 21, 1940, and was examined by the company doctor on August 22, 1940. No niceties of expression are required, provided the employer has actual notice. *Littleton* v. *Grand Trunk Ry. Co.*, 276 Mich. 41. There is ample testimony in this record to justify the holding that appellant had notice within the statutory period.

Defendant also contends the deputy commissioner and the department erred in excluding testimony as

to the results of a test of the silica content of its mine. The test was made some seven months after appellee's disablement, and both the deputy and the department on review found that it was not shown satisfactorily by defendant that the conditions were the same as at the time of and prior to plaintiff's disablement. *Linn* v. *Gilman,* 46 Mich. 628; *Crane* v. *Valley Land Co.,* 203 Mich. 353. Moreover, the applicable statute, Act No. 10, pt. 3, § 11, Pub. Acts 1912 (1st Ex. Sess.), as amended by Act No. 60, Pub. Acts 1921 (2 Comp. Laws 1929, § 8450, Stat. Ann. § 17.185), provides that the matter of introduction of evidence on review by the department is within its discretion. See *Owen* v. *Cope Swift Foundry Co.,* 286 Mich. 601. The department did not abuse its discretion. Because it is not pertinent to decision of the instant case, we have not herein referred to the provision in the occupational disease amendment which reads:

"The time limit (twelve months) for contraction of the occupational disease prescribed by this section shall not bar compensation in the case of an employee who contracted such occupational disease in the same employment with the same employer by whom he was employed at the time of his disablement and who had continued in the same employment with the same employer from the time of contracting such occupational disease up to the time of his disablement thereby." Act No. 10, pt. 7, § 5, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485-5, Stat. Ann. 1942 Cum. Supp. § 17.224).

The award of the department must be affirmed. Plaintiff may recover costs.

CHANDLER, C. J., and BOYLES, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.