## ADDIE S. FOLEY v. WESTERN ALLOYED STEEL CASTING COMPANY.[1]

April 20, 1945.

No. 34,028.

*Faegre & Benson, Paul J. McGough,* and *John A. McEachron, Jr.,* for appellant.

*Robert J. McDonald, William H. DeParcq,* and *Donald T. Barbeau,* for respondent.

PETERSON, JUSTICE.

This case is here on appeal from an order overruling the demurrer to the complaint with the necessary certificate that the question decided is doubtful and important.

The gist of the complaint is that plaintiff's intestate, John C. Foley, had been employed by the defendant from June 1, 1929, to

[1]Reported in 18 N. W. (2d) 541.

June 30, 1943, "as a swing grinder" in its foundry; that as a result of defendant's violation of statute (Minn. St. 1941, § 183.10 [Mason St. 1927, § 4059]), decedent was exposed to and inhaled smoke, steam, gases, dust, and small steel particles, with the result that in 1934 he contracted and acquired the disease known as silicosis; that as a result of the disease decedent was disabled for nine separate periods of varying duration, the last of which was from April 23, 1943, to May 2, 1943; that decedent worked at his employment from April 24, 1943, to June 29, 1943, when he retired from active service; and that he died on July 17, 1943, of silicosis and disability contracted prior to the last period of 51 days he worked. Apparently there is a mistake as to the dates of the last period of disability and the last period of employment, because the former is alleged to be from April 23, 1943, to May 2, 1943, and the latter from April 24, 1943, to June 29, 1943. If the employe was disabled as alleged, he could not have worked from April 24 to May 2. Since the parties have made no point of the discrepancy, we shall not do so. The demurrer was upon the grounds that the court has no jurisdiction of the subject matter; that plaintiff has no legal capacity to sue; and that the facts do not state a cause of action.

The arguments raise but one question, *viz.:* Are plaintiff's rights and remedies solely and exclusively under L. 1943, c. 633, the so-called occupational-disease provisions of the workmen's compensation act? Defendant contends that plaintiff's sole and exclusive remedy is under L. 1943, c. 633, for the reasons (1) that, since decedent died after the effective date of the statute, his dependents' rights and remedies are governed by its terms; (2) that c. 633 provides entirely new rights and remedies for cases of silicosis; and (3) that c. 633 covers the entire subject of silicosis and abrogates all other rights and remedies.

We agree with the first two propositions urged by defendant. The right of action for wrongful death is a new one created by statute. Cashman v. Hedberg, 215 Minn. 463, 10 N. W. (2d) 388. The acts or omissions constituting the wrong for which the action

lies are the same as those for which the decedent might have maintained an action if the resulting injury had not been fatal. McLean v. Burbank, 12 Minn. 438 (530). Aside from c. 633, the wrong to decedent alleged in the complaint was one for which he could have maintained an action for damages for breach of statutory duty by defendant, Golden v. Lerch Bros. Inc. 203 Minn. 211, 281 N. W. 249, and for which an action for wrongful death caused thereby will lie by his personal representative. Applequist v. Oliver I. Min. Co. 209 Minn. 230, 296 N. W. 13. Likewise, the workmen's compensation act creates new rights and remedies, which so far as it applies are substitutionary and exclusive of others. Gehrke v. Weiss, 204 Minn. 445, 284 N. W. 434; Frederickson v. Burns Lbr. Co. 175 Minn. 539, 221 N. W. 910. The provisions of the statute in force at the time of death govern as to the substantive rights of the parties concerning the right of the deceased employe's dependents to compensation and the employer's liability to pay the same. Ogren v. City of Duluth, 219 Minn. 555, 18 N. W. (2d) 535; State ex rel. Carlson v. District Court, 131 Minn. 96, 154 N. W. 661. The situation here, then, is that the cause of action asserted is one that came into existence after decedent's death and after the effective date of c. 633, even though the wrong to decedent upon which the cause of action is based is one for which he might have maintained an action for personal injuries in his lifetime prior to the effective date of the statute. The question, then, is whether the statute abrogates the right of the representative to maintain the action for the benefit of the employe's dependents.

Because we do not agree with defendant's third proposition that c. 633 covers the entire field of silicosis and abrogates all rights other than those under the statute, the question posed should be answered in the negative. Chapter 633 is not retroactive as to either liabilities incurred or wrongs committed prior to its effective date, except in the single instance where the disablement occurs thereafter from an occupational disease contracted within 12 months prior thereto, which was compensable at the time it was contracted, or silicosis and asbestosis contracted within three years prior

thereto. Ogren v. City of Duluth, *supra*. Here, the statute has no application, because, while the employe's death occurred after the effective date of the statute, the silicosis from which he died was contracted more than three years (nine years in fact) prior thereto. Neither decedent during his lifetime nor his dependents after his death were entitled to compensation under the statute, because they were expressly excluded from its benefits by the three-year provision mentioned. The workmen's compensation act, including the provisions for compensation in cases of occupational disease, creates exclusive rights and remedies so far as it provides substitutes for those existing at the time of its enactment, but not as to those not covered by it. Where the act is inapplicable, the common-law and statutory remedies of the employe remain intact. Anderson v. Hegna, 212 Minn. 147, 2 N. W. (2d) 820; Applequist v. Oliver I. Min. Co. 209 Minn. 230, 296 N. W. 13; Golden v. Lerch Bros. Inc. 203 Minn. 211, 281 N. W. 249; Rosenfield v. Matthews, 201 Minn. 113, 275 N. W. 698; Clark v. Banner Grain Co. 195 Minn. 44, 261 N. W. 596. In Donnelly v. Minneapolis Mfg. Co. 161 Minn. 240, 243, 201 N. W. 305, 306, holding that an employe could maintain an action to recover damages for chronic bronchitis contracted as a result of the employer's violation of statutory duty to ventilate, we said:

"As already indicated, the compensation law, so far as it covers the field of rights and remedies as between employer and employe, is exclusive. No other effect can be given to the decisions referred to, except possibly by wrenching from its context here and there a sentence or so of the very proper discussion of the questions involved. The statute is a substitute for the common law on the subject which it covers and so far as it goes. But it does not affect rights and wrongs not within its purview, or which by implication or express negation are excluded."

The decided weight of authority sustains our rule. The cases are collected in the annotations at 100 A. L. R. 520, and 121 A. L. R. 1143. The Donnelly case is cited in many of them. In addition,

we direct attention to Dalton Foundries, Inc. v. Jefferies, 114 Ind. App. 271, 51 N. E. (2d) 13; and Clark v. M. W. Leahy Co. Inc. 300 Mass. 565, 16 N. E. (2d) 57.

Defendant relies largely on our decisions in Hyett v. Northwestern Hospital, 147 Minn. 413, 180 N. W. 552, and Novack v. Montgomery Ward & Co. 158 Minn. 505, 198 N. W. 294, which we distinguished in the Donnelly case, where we held that they were inapplicable to a situation such as that herein involved. We there applied to those cases a comment which we made concerning Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412, as follows (161 Minn. 242, 201 N. W. 306):

"* * * There is certainly nothing in the opinion warranting the argument now attempted, that it was the intention of the statute to take away from an employe, damaged by his employer's omission of a statutory duty, all right of action, the compensation law substituting nothing in its place."

Defendant also relies on certain Michigan cases such as Krzewinski v. Robert Gage Coal Co. 304 Mich. 63, 7 N. W. (2d) 223, and Ruffertshafer v. Robert Gage Coal Co. 291 Mich. 254, 289 N. W. 151. The Michigan cases cannot be followed, because they lay down a rule contrary to ours. In Thomas v. Parker Rust Proof Co. 284 Mich. 260, 279 N. W. 504, where apparently the Michigan court adopted its rule, there is a strong dissenting opinion by Mr. Justice Potter in which he cites the Donnelly case. Michigan is listed with the minority states opposed to the weight of judicial opinion. Annotation, 121 A. L. R. 1143, *supra*. Defendant also relies upon delBusto v. E. I. Dupont deNemours & Co. Inc. 167 Misc. 920, 5 N. Y. S. (2d) 174 (affirmed, 259 App. Div. 1070, 21 N. Y. S. [2d] 417, appeal denied, 284 N. Y. 817, 29 N. E. [2d] 975); McIntyre v. E. J. Lavino & Co. 344 Pa. 163, 25 A. (2d) 163; and Moffett v. Harbison-Walker Refractories Co. 339 Pa. 112, 14 A. (2d) 111. Those cases involved the right of employes to maintain actions for damages for partial disability caused by silicosis contracted after the effective date of statutes providing for compensation for that disease. In

each case there was a statute which provided that the liability of the employer thereunder should be exclusive and in place of any other and that an employe should not be entitled to compensation for partial disability caused by silicosis. Of course, that question is different from the one involved here. For that reason alone, those cases cannot be considered as authority here. In New York, it has been held that the occupational-disease provisions of the workmen's compensation act do not abrogate an employe's common-law remedy for silicosis contracted prior to the effective date of the act. Mapes v. Massey-Harris Co. Inc. (D. C.) 19 F. Supp. 667; Mutolo v. Utica General Jobbing Foundry, Inc. 161 Misc. 327, 292 N. Y. S. 14. An employe's right to sue at common law was upheld, where the action was commenced and the employe worked after the effective date of the act, but the last injurious exposure was alleged to have been prior thereto. Mnich v. American Radiator Co. 263 App. Div. 573, 34 N. Y. S. (2d) 16. Prior to the enactment of the Pennsylvania statute in question, the rule in that state apparently was the same as ours. Billo v. Allegheny Steel Co. 328 Pa. 97, 195 A. 110; Boal v. Electric Storage Battery Co. (3 Cir.) 98 F. (2d) 815. The New York and Pennsylvania cases cited are not in point.

Our conclusion is that the complaint states a cause of action and that the demurrer was properly overruled.

Affirmed.