TIBBS v. KALAMAZOO BRASS FOUNDRY COMPANY:

1. WORKMEN'S COMPENSATION—DATE OF DISABLEMENT—FILING OF
   CLAIM—LAST DAY OF EMPLOYMENT.
   . Foundry company's employee whose claim for workmen's compensation was dated July 5, 1949 and mailed to the employer July 11, 1949, which claim indicated the date of disablement as "on or about May, 1949" was filed within time required by statute, notwithstanding plaintiff had not been employed by defendant since September 20, 1948 (CL 1948, §§ 412.15, 417.10).

2. SAME—CAUSE AND DATE OF DISABLEMENT—SILICOSIS.
   Finding of workmen's compensation commission as to cause and date of plaintiff's disablement from silicosis *held,* supported by testimony in his proceeding against last of several employers in whose foundry he had been employed (CL 1948, §§ 412.15, 417.10).

Appeal from Workmen's Compensation Commission. Submitted April 3, 1951. (Docket No. 11, Calendar No. 44,947.) Decided May 14, 1951.

Glenn Tibbs presented his claim for compensation against Kalamazoo Brass Foundry Company, employer, and Auto-Owners Insurance Company, insurer. Award to plaintiff. Defendants appeal. Affirmed.

*Edward J. Ryan,* for plaintiff.

*Troff, McKessy & Lilly (Laurence T. Uridge,* of counsel), for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation, § 380.
[1] Requirement of workmen's compensation act as to notice of accident or injury. 78 ALR 1232, 1246; 92 ALR 505.

BUSHNELL, J.   Defendant Kalamazoo Brass Foundry Company and its insurer, Auto-Owners Insurance Company, were granted leave to appeal from an order of the workmen's compensation commission modifying the award of the deputy commissioner. Plaintiff Glenn Tibbs was awarded $21 per week for total disability from June 30, 1949 to the date (September 20, 1949) when he entered the employ of Western Michigan College, and $7 per week from that date until further order, but not to exceed the aggregate sum of $5,825.

Tibbs, a molder of 30 years' experience, entered defendant's employ on July 23, 1948, and continued until he was laid off on September 20, 1948.   During that period he worked a total of 28 days "doing shaking out and molding."   He had injured his back while working for the Austin Construction Company just prior to his employment by defendant.   About 2 weeks after his layoff in September he secured employment in the shipping room at Burroughs Manufacturing Company, where he worked until he was laid off in March of 1949.

In June and July he worked about 1 day a week for 8 weeks, taking care of a lawn.   Tibbs claims that while at work during June he became very short of breath, developed chest pains, and then knew he would not be able to work again as a molder because of his chest condition.   On September 20, 1949, he secured light work as a maintenance man at Western Michigan College.   Before working for Austin Construction Company, he was employed by various foundries, the last one being the U. S. Foundry Company.   Chest X-rays taken in May of 1948, while working at the U. S. Foundry, showed traces of silicosis.   He coughed considerably and had some shortness of breath at that time.   A family doctor, after examining additional X-ray films, advised him to discontinue his foundry work.

Defendant's foundry was located in a low-roofed building, characterized as a garage, and the testimony indicates that it was not properly ventilated. A specialist called by the plaintiff testified in detail regarding Tibbs' silicotic condition as disclosed by the X-ray films. He expressed the opinion that the exposure to sand dust in a poorly ventilated foundry for 28 days could be a contributing factor to Tibbs' "present condition."

Appellants argue that plaintiff is not disabled within the meaning of the occupational disease section of the workmen's compensation act (CL 1948, § 417.1 *et seq.* [Stat Ann 1950 Rev § 17.220 *et seq.*]), and if he is disabled, such disablement must have occurred in June of 1948, prior to his employment by defendant Kalamazoo Brass Foundry Company. Appellants also insist that the required statutory notice was not given nor was the claim for compensation made within the period required by the statute.

Plaintiff's claim for compensation is dated July 5, 1949, and was mailed to the employer on July 11th. The date of disablement is indicated therein as "on or about May, 1949." The claim was filed within the time after disablement, as required by CL 1948, § 412.15 (Stat Ann 1950 Rev § 17.165) and CL 1948, § 417.10 (Stat Ann 1950 Rev § 17.229). The factual aspects of the instant case were sufficiently analogous to those in *Stewart* v. *Lakey Foundry & Machine Co.,* 311 Mich 463, and *Alexander* v. *Ford Motor Co.,* 329 Mich 535, to make those decisions controlling here. See, also, *Finch* v. *Ford Motor Co.,* 321 Mich 469.

The findings of the commission regarding plaintiff's disablement and the date thereof are supported by testimony.

The award is affirmed. Costs to appellee.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.