## GOTICH v. KALAMAZOO STOVE COMPANY.

1. WORKMEN'S COMPENSATION—SILICOSIS—DATE OF CONTRACTING—SYMPTOMS.

The date of contracting the ailment known as silicosis, for purposes of the occupational disease amendment of the workmen's compensation act, starts when the symptoms appear (CL 1948, § 417.10).

2. SAME—SILICOSIS—NOTICE TO EMPLOYER—EVIDENCE.

Finding of workmen's compensation appeal board that plaintiff who had worked 18 years for defendant as a sand blaster before

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 214 *et seq.*
[2] 58 Am Jur, Workmen's Compensation §§ 375, 380.
[3] 58 Am Jur, Workmen's Compensation § 530.
[4] 58 Am Jur, Workmen's Compensation §§ 459–461.

taking a 6-months' leave of absence had not given notice to defendant within 120 days of the time he had reason to believe that he was suffering from silicosis incurred while in defendant's employ *held,* clearly supported by record, where it appears he did not return to the city for some 8 years after leaving employment with defendant (CL 1948, § 417.10).

3. SAME—APPEAL BOARD—FINDINGS OF FACT CONCLUSIVE.

Findings of fact made by the workmen's compensation appeal board are conclusive in the absence of fraud (CL 1948, § 413.12).

4. SAME—APPEAL BOARD—EVIDENCE—FINDINGS OF FACT.

The workmen's compensation appeal board is entitled to give such weight to the testimony of plaintiff and other witnesses in the proceeding to recover workmen's compensation, as was deemed proper, and to draw reasonable inferences therefrom in making its findings of fact (CL 1948, § 413.12).

Appeal from Workmen's Compensation Appeal Board. Submitted January 14, 1958. (Docket No. 46, Calendar No. 46,781.)   Decided March 7, 1958.

. Vinko Gotich presented his claim against Kalamazoo Stove Company, employer, and Liberty Mutual Insurance Company, insurer, for compensation because of disability from occupational disease. Claim denied. Plaintiff appeals. Affirmed.

. *Crum, Allen & Mullen (C. H. Mullen* and *Herschel W. Carney,* of counsel), for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin (Edward D. Wells,* of counsel), for defendants.

CARR, J.   Plaintiff entered the employ of defendant Kalamazoo Stove Company in 1928.   He worked as a sand blaster until on or about May 2, 1946.   He then obtained a leave of absence for a 6 months' period for the ostensible purpose of visiting his brothers in South America.   However, he did not

return to this country until July, 1951, when he went to California where he remained until June, 1954, at which time he returned to the city of Kalamazoo where he had been employed.

Under date of October 4, 1954, plaintiff filed an application with the workmen's compensation commission, setting forth that on or about May 2, 1946, he became disabled as the result of silicosis while employed by defendant stove company. He further set forth in his application that because of the occupational disease in question he was unable to work. At the hearing thereon held before the referee on December 2, 1954, plaintiff's attorney amended the application by changing the date of disability to February, 1954. Following the taking of testimony on the amended application, the referee denied an award of compensation, finding that:

"Plaintiff was aware of his disability in April, 1946, and failed to give notice of such disability or make a claim therefor within the time prescribed by statute."

An appeal to the workmen's compensation appeal board resulted in an affirmance of the action of the referee. On leave granted, plaintiff has appealed to this Court, alleging that the appeal board erred in its finding that plaintiff had failed to comply with the provisions of the statute with reference to notice to the employer and proceedings to recover compensation.

Part 7, section 10, of the compensation act,* being CL 1948, § 417.10 (Stat Ann 1950 Rev § 17.229), is applicable under the facts of the case, providing, insofar as material to the issue here involved, as follows:

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.*, as amended [Stat Ann. 1950 Rev and Stat Ann 1953 Cum Supp § 17.141 *et seq.*]).

"The requirements as to notice as to occupational disease and death resulting therefrom and the requirements as to the bringing of proceedings for compensation for disability or death resulting from such occupational disease shall be the same as required in section 15 of part 2 of this act,* except that the notice shall be given to the employer within 120 days after the disablement."

The language quoted was construed in *Finch* v. *Ford Motor Company,* 321 Mich 469, 475, 476, as meaning that notice of an occupational disease must be given to the employer within the period specified after the injured employee "has knowledge or reasonable ground for knowledge of his disability." In reaching such conclusion the Court referred to the prior decision in *Krzewinski* v. *Robert Gage Coal Co.,* 304 Mich 63, 67, in which the nature of silicosis was discussed and the opinion was indicated that for the purposes of the statute there involved the date of contracting of the ailment starts when symptoms appear. See, also, *Tibbs* v. *Kalamazoo Brass Foundry Company,* 330 Mich 484.

It is conceded that plaintiff gave no notice to his former employer that he claimed to have become disabled from silicosis while in its employ until the filing of the application for compensation in October, 1954. The question at issue is whether such notice complied with the statutory requirement. As above noted, the referee who heard the proofs came to the conclusion that plaintiff was aware of his condition in April, 1946. The appeal board made no specific finding in this regard, but reached the general conclusion on the basis of the proofs that notice to the employer with reference to his alleged disability had not been given within the period of 120 days "after the plaintiff knew he was disabled and had good rea-

---

* CL 1948, § 412.15 (Stat Ann 1950 Rev § 17.165).—REPORTER.

son to associate his disability with his occupation at the defendant company."

Before filing his application on October 4, 1954, plaintiff consulted his attorney and was examined by a physician. The record discloses that a copy of the physician's report was furnished to plaintiff and his counsel. It may be assumed that they gave it due consideration in filing the application, and in alleging the date of disability therein as on or about May 2, 1946.

The physician in question testified as a witness in plaintiff's behalf on the hearing before the referee, stating that at the time of his examination on September 9, 1954, he had taken a history of the case from plaintiff. The following testimony is significant:

"*Q.* What was that history, doctor?

"*A.* Shortness of breath, first noticed over 8 years ago. He took about 6 months off because he didn't feel good. He didn't return at the appointed time because he was still too short of breath.   \*   \*   \*

"*The Court:* Doctor, taking your whole knowledge of the thing, what was the situation to your best judgment?

"*A.* Well, this man had worked as a sand blaster for some 18 years, and sandblasting is a hazardous occupation as far as silicosis is concerned; and 18 years constitutes a very considerable exposure. I would think that at the end of a period of time that one would expect that a patient would have symptoms of silicosis.

"*The Court:* Well, take the history that he gave you, would that assist you in any way?

"*A.* Well, the history which he gave me was that he left the stove company because he was—because he didn't feel good and then that he was supposed to have returned at the end of 6 months and did not because he was too short of breath to do it.   \*   \*   \*

"*Q.* Now based on his history to you that he had

shortness of breath for 8 years and that he took 6 months off because he didn't feel good and that he didn't return at the appointed time because he was still too short of breath, accepting that history as true, then wouldn't you believe that his disability back in 1946 was due to silicosis?

"*A.* I think it might very well have been.

"*Q.* That is the symptoms that we usually hear in these silicosis cases?

"*A.* Yes.

"*Q.* This shortness of breath and fatigue, that is the common symptoms that the patient gives that is suffering from silicosis, is it not?

"*A.* It is.

"*Q.* So as you say, that all fits right in the picture, doesn't it?

"*A.* Yes, it is a progressive—

"*Q.* It is a progressive disease which disabled this man, if he is telling you the truth back in the history, back in 1946, and is continuing disabling?

"*A.* Yes."

In its opinion the appeal board referred to the unsatisfactory nature of plaintiff's testimony. The record fully supports the comment made. His statements were not only ambiguous but in certain instances contradictory. His claim made on the hearing that he first learned at the time of the examination by the doctor on September 9, 1954, that his condition was due to silicosis is not consistent with the admitted fact that he quit his employment in 1946 and apparently never made any attempt to return thereto or to seek other work elsewhere. It is not disputed that he was afflicted with silicosis at the time of the hearing, and that he was disabled from working because of that ailment.

The conclusion of the appeal board that plaintiff had failed to establish notice to his former employer within a period of 120 days after having reason to believe that he was suffering from silicosis incurred

while in the employ of the stove company is clearly supported by the record. The statute (CL 1948, § 413.12 [Stat Ann 1950 Rev § 17.186] ) specifically provides that the findings of fact made by the board shall, in the absence of fraud, be conclusive. The appeal board was entitled to give such weight to the testimony of the plaintiff, as well as the testimony of other witnesses in the proceeding, as was deemed proper, and to draw reasonable inferences therefrom. *Shaw* v. *General Motors Corporation,* 320 Mich 338, 345.

The order of the appeal board denying compensation is affirmed, with costs to defendants.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.