DENTON *v.* ANGELL CONSTRUCTION COMPANY.

1. WORKMEN'S COMPENSATION—NOTICE OF OCCUPATIONAL DISABLEMENT—QUESTION OF FACT.
   The date when a plaintiff. employee gave notice to the defendant employer of occupational. disablement is a matter of fact determinable by the workmen's compensation appeal board and the Court of Appeals may not disturb the board's finding (CL 1948, § 413.12).

2. SAME—DATE OF NOTICE OF DISABLEMENT—FINDING OF FACT—REMAND.
   Proceeding to recover workmen's compensation for an occupational injury due to repetitive, heavy, shoulder girdle work is remanded to the workmen's compensation appeal board to make a finding of fact as to when plaintiff employee gave notice of his disablement and whether notice fell within the 120-day notice period required by statute, although a finding had been made as to when disablement did occur and compensation was awarded (CL 1948, §§ 413.12, 417.10, as amended by PA 1962, No 189).

3. SAME—FINDING OF FACT—COURT OF APPEALS.
   It is not the province of the Court of Appeals to act as a finder of fact in proceedings to recover workmen's compensation.

4. SAME—REMAND—FURTHER PROCEEDINGS—COSTS.
   No costs are awarded on appeal by employer and its insurer, where proceeding to recover workmen's compensation is remanded for the purpose of further proceedings.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 386.
[2] 58 Am Jur, Workmen's Compensation §§ 380, 386.
[3] 58 Am Jur, Workmen's Compensation § 530.
[4] 5 Am Jur 2d, Appeal and Error § 1009.
58 Am Jur, Workmen's Compensation § 543.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 2 October 6, 1965, at Lansing. (Docket No. 525.) Decided November 15, 1965. Upon remand further proceedings were had, leave to appeal sought from and denied by Court of Appeals. Rehearing of denial denied September 12, 1966. Leave to appeal denied by Supreme Court December 30, 1966.

Richard L. Denton presented a claim for workmen's compensation against Angell Construction Company and Employers Mutual Liability Company. Referee's award affirmed by appeal board. Defendants appeal. Reversed and remanded for further proceedings.

*Strange & Hole* (*Lewis J. Hole*, of counsel), for plaintiff.

*George E. Ganos* (*J. Lynn Fewlass*, of counsel) for defendants.

WATTS, J. This is an appeal from the workmen's compensation appeal board. The hearing referee who originally heard the cause found that the plaintiff-appellant Denton had an occupational disablement and that the disablement was the result of "heavy and excessive shoulder girdle work while employed by this defendant." The workmen's compensation appeal board affirmed the decision of the referee.

There was confusion during the course of the hearing which is preserved in the transcript. The plaintiff Denton had originally filed his claim for compensation on the basis of a personal injury as provided for in CLS 1961, § 412.1 *et seq.* (Stat Ann 1960 Rev § 17.151 *et seq.*) This is commonly re-

ferred to as a "part 2" injury since it comes in that
section of the workmen's compensation law. It is
concerned with personal injury, as opposed to an
occupational disablement, commonly referred to as
a "part 7" disablement. CL 1948, § 417.1 (Stat Ann
1960 Rev § 17.220).

During the course of the proceedings, the hearing
referee made the following statement on the record:

"Now the proofs in this case would also cover
what we might call an occupational disease injury
from repetitive, heavy, shoulder girdle work. Now
without trying to answer all questions right now
because it is something that I would have to think
about, the difference between these two things could
affect the finding on the question of statutory notice
in this case."

At that time, as can be seen from the above, the
referee himself introduced a new element in the pro-
ceedings and indicated that by doing so he had in-
troduced the possibility of an issue as regards statu-
tory notice. A part 2 injury requires that notice of
injury be given to the employer defendant within
three months. CLS 1961, § 412.15 (Stat Ann 1960
Rev § 17.165). A part 7 occupational disablement,
on the other hand, requires that the defendant em-
ployer be given notice by the plaintiff employee with-
in 120 days after the date of disablement, or after
the date when plaintiff employee knew or should have
known that he was disabled and that disablement
was work connected.*

At the time of these statements on the record by
the referee, defendants' attorney stated:

"Well Your Honor, I have been not only surprised,
I have been more than damaged by the inability to
prepare the case properly for defense on the new
issue."

---

* See CL 1948, § 417.10, as amended by PA 1962, No 189 (Stat
Ann 1963 Cum Supp § 17.229).—REPORTER.

The referee found for the plaintiff Denton, awarding him compensation, finding that he was disabled as of June 22, 1963, and that he was entitled to compensation until June 22, 1964.

The only question allowed to be reviewed by this Court in granting appeal is, "Did the plaintiff employee give notice to the defendant employer within the 120-day period specified by the statute?"

This itself is a fact question and must be based upon another finding of fact, namely, "Upon what date did the employer defendant receive notice of disablement?" Since the referee found as a fact and the workmen's compensation appeal board affirmed that the date of disablement was June 22, 1963, we may not disturb this finding. Const 1963, art 6, § 28; *Coates* v. *Continental Motors Corporation* (1964), 373 Mich 461; CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186).

Neither referee nor appeal board, however, made a finding as to whether timely notice was given to the employer, nor did they find a date when notice was given to the employer.

Of the notice requirement for a part 2 injury, identical with the part 7 except for the time difference noted above, *West* v. *Northern Tree Company* (1961), 365 Mich 402, held that generally, question of giving of timely and sufficient notice is one of fact, under provision of this section · requiring notice within three months.

Under the Michigan workmen's compensation law, both the referee and the workmen's compensation appeal board are to be triers of fact. *Coates* v. *Continental Motors Corporation, supra.*

It is not the province of this Court to act as finder of fact.

In *Michigan Transit Corporation* v. *Brown* (DC WD Mich 1929), 56 F2d 200, the court held that com-

pensation orders should contain full and complete fact findings based on competent testimony.

In the instant case, neither the decision of the referee nor the opinion on review from the workmen's compensation appeal board contains full and complete fact findings.

The case is remanded to the workmen's compensation appeal board to determine when notice was given to the employer and whether notice fell within the 120-day notice period required by statute. No costs, since the matter is remanded to the workmen's compensation appeal board for further proceedings.

QUINN, P. J., and McGREGOR, J., concurred.