SHEPARD *v.* BRUNSWICK CORPORATION

1. WORKMEN'S COMPENSATION—FINDINGS OF FACT—APPEAL AND ERROR.

An appellate court must sustain any issue of fact which the Workmen's Compensation Appeal Board determines, if the finding of fact is supported by the record (MCLA § 418.861).

REFERENCES FOR POINTS IN HEADNOTES
[1]  58 Am Jur, Workmen's Compensation §§ 522, 529, 530, 535.
[2]  58 Am Jur, Workmen's Compensation §§ 200–204.

2. WORKMEN'S COMPENSATION — DISQUALIFICATION — INTENTIONAL
MISCONDUCT —TOLUENE ADDICTION.

> Workmen's compensation claimant's intentional violation of a
> strictly-enforced safety rule requiring all employees to wear a
> mask covering their noses and mouths while they were in an
> area containing vats of toluene constituted intentional and
> wilful misconduct disqualifying claimant from compensation
> because he became addicted to toluene.

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 3 June 8, 1971, at Grand
Rapids. (Docket No. 10795.) Decided October 1,
1971. Leave to appeal denied, 386 Mich 776.

Richard J. Shepard presented his claim for work-
men's compensation against Brunswick Corporation
and Zurich Insurance Company. Compensation de-
nied by the Workmen's Compensation Appeal
Board. Plaintiff appeals. Affirmed.

*Marcus, McCroskey, Libner, Reamon & Williams,
P. C.* (by *Darryl R. Cochrane*), for plaintiff.

*Cholette, Perkins & Buchanan* (by *Sherman H.
Cone*), for defendants.

Before: R. B. BURNS, P. J., and FITZGERALD and
J. H. GILLIS, JJ.

FITZGERALD, J. Plaintiff has been granted leave
to appeal from an order of the Workmen's Compen-
sation Appeal Board reversing the awarding of
compensation to the plaintiff for total disability
resulting from addiction to toluene, a commonly
used industrial solvent which is a highly addictive
intoxicant. When inhaled it produces euphoria,
exhilaration, excitement and a sense of well-being.

Plaintiff, 33 years of age at the time of hearing, began his employment with defendant in 1956 where he worked, apparently without incident, until 1963 when he was assigned as a trainee in the bowling pin department. There, bowling pins were coated with plastic by dipping them in a series of 11 different dipping tanks containing toluene.

At the time, it was plaintiff's responsibility to audit the dip tanks for temperature, viscosity, adhesion, quality of the pins, and matters of that nature. Plaintiff was provided with a mask and was instructed to wear it while in the dipping area. Plaintiff, however, testified that he and his fellow workers often neglected to wear masks while in this area and only put them on when one of them observed that the supervisor was approaching.

While leaning over the vats performing his duties, plaintiff sniffed the toluene and enjoyed the pleasant feeling it gave him. After being assigned to other parts of the plant, he returned to the vats with increasing frequency to sniff and eventually he became addicted to the intoxicant. Still later, he began to take the solvent home from the plant. He also made outside purchases. Ultimately, he was carrying it in a jar on his person at work for convenient sniffing. Management observed his actions at the plant and cautioned him to stop the habit, which he did for a time, but he always returned to fulfill his cravings. As a result, he became unable to work and was confined to Traverse City State Hospital. At the time of his hearing before the referee he was still an outpatient at that same hospital.

On appeal, the Workmen's Compensation Appeal Board reversed the referee's determination that the plaintiff was entitled to compensation. The board, in a four to three decision, found that the plaintiff

was guilty of intentional and willful misconduct within the meaning of the Workmen's Compensation Act. MCLA § 418.305 (Stat Ann 1971 Cum Supp § 17.237[305]), which provides:

"If the employee is injured by reason of his intentional and wilful misconduct, he shall not receive compensation under the provisions of this act."

The board's determination was based upon two grounds: (1) violation of safety rules, and (2) larceny of company property.

Defendants claim that there is ample evidence in the record to support the findings of fact by the appeal board, *e.g.*, that plaintiff, through intentional violation of a strictly-enforced safety rule and because he committed larceny of the toluene from his employer, was guilty of willful and wanton misconduct barring recovery of workmen's compensation benefits. They further contend that these determinations were issues of fact which neither this Court nor the Supreme Court can review if the findings are supported by the record.

The plaintiff argues that the appeal board erred as a matter of *law* in holding the plaintiff guilty of willful misconduct and therefore this issue is reviewable in this Court. It is well established that this Court must sustain any issue of fact which the appeal board determines if the findings of fact are supported by the record. *Sosnowski* v. *Dandy Hamburger* (1969), 17 Mich App 547.

Regretfully, it is the defendant's position which must be sustained on appeal. The workmen's compensation board of appeals is the final factfinder in cases before it. MCLA § 418.861 (Stat Ann Cum Supp 1971 § 17.237[861]); *Miller* v. *Sullivan Milk Products, Inc.* (1971), 385 Mich 659.

Findings of fact were made in this case indicating disregard for safety rules and less probatively, larceny of company property.

The finding of larceny of company property is irrelevant. That plaintiff was addicted to toluene was uncontroverted. When plaintiff removed quantities of toluene from the plant, he did so to satisfy his habit, his addiction. Therefore, the injury for which he claims disability, his addiction and the resulting injuries therefrom, had preceded this "larcenous" act. Further, as the three dissenting members so cogently point out, "his takings were dictated by irresistible cravings to supply his needs. His actions were not the result of his will and consequently they were not 'willful.' We think that this man's disease which ultimately led to his separation from work and his confinement in a state hospital should not be equated to criminal culpability."

Be that as it may, the board's finding of fact of violation of company safety rules is conclusive and the final word on the subject, precluding review. Each case, however, brings some nuance that creates a predisposition to remove it from the mine-run of cases. Here we deal with an addiction; a claimant unable to resist the cravings within him, and that addiction arising from his employment. His psychiatric treatment reveals the depth of his addiction and yet, with a fact finding that he violated company safety rules, we are powerless to give him relief which might ultimately contribute to his rehabilitation from what appears to be a tragic future. *Non datur secundum.*[1]

The order of the Workmen's Compensation Appeal Board is affirmed.

Costs to appellees.

---

[1] There is no second choice.

R. B. Burns, P. J., concurred.

J. H. Gillis, J. (*concurring*). I concur in the results arrived at by my colleagues. There is ample support in the record to substantiate the findings of fact made by the Workmen's Compensation Appeal Board.

There is no question but what the company rigidly enforced the rule requiring employees working in the area in question to wear safety masks. Plaintiff was given warnings and then suspended for a ten-day period for violations pertaining to this particular rule.

I concur in the affirmation of the Workmen's Compensation Appeal Board's order.