## MUNDY v DETROIT GREY IRON FOUNDRY

1. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASES—APPORTION-
   MENT OF LIABILITY—PRIOR EMPLOYERS.
   A prior employer may be held liable for an occupational disease
   under an apportionment provision of the Workmen's Compen-
   sation Act where it is shown that the prior employment con-
   tributed to, aggravated or accelerated the disease; proof that
   the disease was actually contracted while working for the prior
   employer is not required (MCLA 418.435).

2. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASES—APPORTION-
   MENT OF LIABILITY— PRIOR EMPLOYERS—HIGH-RISK INDUSTRIES.
   Apportionment of liability among employers for an occupational
   disease under the Workmen's Compensation Act is not to be
   confined to employers engaged in high-risk industries with
   substantial likelihood of causing the occupational disease to the
   exclusion of employers engaged in industries carrying little or
   no risk of the occupational disease (MCLA 418.435).

3. APPEAL AND ERROR—WORKMEN'S COMPENSATION—APPEAL BOARD—
   EVIDENCE.
   Findings of the Workmen's Compensation Appeal Board must be
   affirmed where minimal but sufficient evidence supports the
   findings (MCLA 418.861).

4. WORKMEN'S COMPENSATION—APPEAL BOARD—DECISION OF REFEREE
   —PRESUMPTION OF VALIDITY—DE NOVO REVIEW.
   The Workmen's Compensation Appeal Board reviews decisions of
   the referee de novo and may not indulge in a presumption of
   validity in favor of the decision of the referee.

5. WORKMEN'S COMPENSATION—FINDINGS OF FACT—QUESTION OF LAW
   —SELF-INSURERS' SECURITY FUND—APPEAL BOARD—COURT OF
   APPEALS.
   Questions of law and fact in a workmen's compensation case

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation §§ 246, 247.
[3, 5] 58 Am Jur, Workmen's Compensation §§ 530–533.
[4] 58 Am Jur, Workmen's Compensation § 454.

relating to the Self-Insurers' Security Fund which has been recently created should be passed upon by the Workmen's Compensation Appeal Board before they are considered by the Court of Appeals; the Court of Appeals will not act as a finder of fact in a workmen's compensation proceeding.

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 1 October 10, 1974, at Detroit. (Docket No. 17096.) Decided January 6, 1975.

Claim by Charles E. Mundy against Detroit Grey Iron Foundry for workmen's compensation. The referee ordered that Schwarb Foundry and Hercules, Incorporated, be added as defendants. Grant of compensation affirmed by the Workmen's Compensation Appeal Board. Hercules, Incorporated, appeals by leave granted. The Self-Insurers' Security Fund appeared in opposition to the appeal. Affirmed but remanded for further proceedings.

*Ripple & Chambers, P. C.,* for plaintiff.

*Lacey & Jones* (by *Steve N. Yardley),* for Detroit Grey Iron Foundry.

*Bodman, Longley, Bogle, Armstrong & Dahling* (by *James M. Baysinger),* for Hercules, Incorporated.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *A. C. Stoddard,* Assistant Attorney General, and *Steve N. Yardley,* Special Assistant Attorney General, for the Self-Insurer's Security Fund.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

DANHOF, P. J. Following a hearing on his claim for workmen's compensation, plaintiff was found to be totally disabled due to silicosis or other dust disease. The referee entered an order apportioning liability among plaintiff's prior employers pursuant to MCLA 418.435; MSA 17.237(435), and this decision was affirmed by a bare majority of the Workmen's Compensation Appeal Board. One of the prior employers, Hercules, Incorporated, appeals upon leave granted from this decision.

Plaintiff worked for 12 years for Ford Motor Company in a foundry in which he was exposed to considerable concentrations of dust and fumes. He was employed in 1948 by Hercules in the processing of various organic products, including flour, cereals and starches. While no silicotic dust was present there, plaintiff was exposed to fumes from sulfuric, hydrochloric, and citric acids, to ammonia fumes, and to various types of flour and starch dust.

Immediately after leaving Hercules in 1966, plaintiff went to work for Schwarb Foundry until 1969 when he was hired by Detroit Grey Iron Foundry. In both of these positions, plaintiff again suffered extensive exposure to silicotic foundry dust, sand and smoke.

On February 2, 1970, plaintiff filed a petition for a hearing against Grey Iron Foundry alleging total disability from an occupational disease; the referee entered an order adding as prior employers Schwarb Foundry and Hercules, Incorporated. The referee decided that the plaintiff was totally disabled and that he had been employed by plaintiff's last employer in employment the nature of which the disease is due and in which it was contracted. Plaintiff's last employer was ordered to pay compensation to the plaintiff with the right to recover

from the prior employers their proportionate share of liability. Hercules' proportionate share of the liability was set at more than 75 per cent. The Workmen's Compensation Appeal Board dividing primarily on the question of the liability of Hercules, affirmed the order of the referee.

In this appeal, defendant Hercules, Incorporated, first argues that the Workmen's Compensation Appeal Board erred in not exonerating it from all liability because the plaintiff experienced no symptoms of silicosis while in its employ. According to this argument, the phrase "employment to the nature of which the disease was due and in which it was contracted" as used in the apportionment statute, MCLA 418.435; MSA 17.237(435), requires that the symptoms of the occupational disease become manifest during the time of employment with a prior employer in order for that employer to be found liable for apportioned payments under the statute. In support of this position, Hercules relys primarily on *Krzewinski v Robert Gage Coal Co,* 304 Mich 63; 7 NW2d 223 (1942), claiming that the construction placed upon the word "contracted" by our Supreme Court in that case mandates that for all purposes under the Workmen's Compensation Act, including the apportionment statute, a disease is contracted only when symptoms appear.

This position is untenable. The Court in *Krzewinski,* was concerned with a statute, since repealed, which provided that disablement caused by an occupational disease was not compensable unless the disease was contracted within one year of the disablement. The Supreme Court was constrained to interpret the term "contracted" as meaning that silicosis is contracted only when its symptoms become apparent in order to avoid ab-

surdity in the construction of the statute and to give effect to the legislative intent. "Otherwise, since it takes so long for the deposits to build up so that symptoms appear, the section of the statute requiring that contracting of the disease must come within one year of the disablement would, in an effective or practical sense, take away all the benefit of the section making the disease compensable." *Krzewinski v Robert Gage Coal Co, supra,* page 67. Thus, "for the purposes of the statute there involved the date of contracting of the ailment starts when symptoms appear". *Gotich v Kalamazoo Stove Co,* 352 Mich 88, 91; 88 NW2d 249, 250 (1958).

Contrary to Hercules' assertion, it has been decided that the apportionment statute can come into operation even without "proof that the disease was actually contracted while working for a prior employer". It is enough to hold a prior employer liable under the statute if it is shown that the prior employment contributed to the disease. *Goodman v Bay Castings,* 49 Mich App 611, 617; 212 NW2d 799 (1973). That subsequent working conditions merely could have contributed to and aggravated a pre-existing silicotic condition was held to be sufficient to sustain an award of apportioned compensation in *Clarkson v Lufkin Rule Co,* 367 Mich 19; 116 NW2d 223 (1962).

These authorities also refute the defendant's next argument. Apportionment under the statute is not to be confined to employers engaged in high-risk industries with similar substantial likelihood of the disease to the exclusion of employers, such as Hercules here, engaged in industries carrying little or no risk of silicosis. Although the nature of the exposure with a prior employer may be different, and in fact less hazardous to the point of

being totally free of silica exposure, nevertheless, the prior employer can be held liable for an apportioned share of compensation payments where that exposure aggravates or accelerates the disease. *Clarkson v Lufkin Rule Co, supra,* 367 Mich 21; 116 NW2d 224, *Goodman v Bay Castings, supra,* 49 Mich App 617–618; 212 NW2d 802–803.

The Workmen's Compensation Appeal Board found as fact that plaintiff's exposure while in the employ of Hercules aggravated a silicotic condition. We have searched the record and discovered minimal but sufficient evidence to support this finding. Therefore, we must affirm. MCLA 418.861, MSA 17.237(861), *Jones v Douglas & Lomason,* 55 Mich App 323; 222 NW2d 229 (1974).

The majority opinion of the board quotes extensively from the hearing transcript and discusses the referee's decision that the plaintiff's exposure to dust and fumes while in the employ of the defendant, Hercules, Incorporated, aggravated his silicosis condition. The opinion then states: "That conclusion is reasonable and finds support in both plaintiff's testimony and that of Doctor Shapiro." This does not indicate, as Hercules suggests, that the appeal board "indulged some kind of presumption of validity in favor of the conclusion of the referee". The board merely expressed approval of the referee's determination based upon an independent, *de novo* evaluation of the record. The principle enunciated in the dissent of Judge (now Justice) Levin in *Fergus v Chrysler Corp,* 45 Mich App 196; 206 NW2d 521 (1973), as implemented by the Supreme Court at 389 Mich 811 (1973), is not applicable to the board's decision in the present case.

In oral argument before this Court, it was made known that Detroit Grey Iron Foundry had be-

come insolvent since the filing of the order of the Workmen's Compensation Appeal Board. Apparently, bankruptcy proceedings have been initiated and payments are being made by the Self-Insurers' Security Fund. When Grey Iron Foundry terminated its relationship with appellate counsel, the Self-Insurers' Security Fund made arrangements to provide legal representation and a Special Assistant Attorney General who was also a member of the law firm which had been representing Grey Iron Foundry continued this appeal. Supplemental briefs addressed to the issues arising as a result of the insolvency of Detroit Grey Iron have been filed and considered.

From the supplemental briefs and the oral arguments of the parties, we determined that there are significant questions of fact and law which include, but are not limited to, the following and which are best answered initially by the Workmen's Compensation Appeal Board. Did Hercules make any compensation payments during the four-year period from the time plaintiff stopped working until the bankruptcy of Grey Iron Foundry? Did the plaintiff receive any workmen's compensation benefits from any source during this period? Have the plaintiff's medical, hospital, and drug expenses incurred during this period been paid? If not, how should they be paid? May Hercules, Incorporated, be ordered to make payments directly to the fund under principles of equitable subrogation or otherwise? Can the fund's subrogation rights under MCLA 418.553; MSA 17.237(553) be extended to the present factual situation? Should the fund be considered a "last employer" as it is a "prior employer" under the apportionment statute, MCLA 418.435; MSA 17.237(435)? Should the fund be reimbursed by Hercules for payments made

since the receiver was appointed for Grey Iron Foundry? Did the parent company to Grey Iron Foundry guarantee, as plaintiff suggested it did, its subsidiary's liability for workmen's compensation payments? Has Grey Iron Foundry properly maintained its self-insured status under MCLA 418.611; MSA 17.237(611)? Has Grey Iron Foundry's compensation obligation to the plaintiff been discharged in bankruptcy?

Many of the questions raised here are of first impression involving the newly created Self-Insurers' Security Fund. These questions should be passed upon by the Workmen's Compensation Appeal Board before they are addressed to this Court. In addition, the Court of Appeals will not act as a finder of fact in workmen's compensation proceedings. *Denton v Angell Construction Co,* 1 Mich App 669; 137 NW2d 741 (1965). Therefore, in view of these significant questions of fact and law, we remand for determination of these questions and any others that may arise by virtue of the insolvency of Grey Iron Foundry. In doing so, however, we affirm the decision of the Workmen's Compensation Appeal Board resolving those issues which it has previously considered.

Remanded for further proceedings consistent with this opinion.

All concurred.