ENGLISH v LESCOA, INCORPORATED

1. WORKMEN'S COMPENSATION—APPEAL BOARD—FINDINGS OF FACT—
   APPEAL AND ERROR—ALLEGATIONS OF FRAUD.

   The general rule is that if there is competent evidence to support
   the Workmen's Compensation Appeal Board's findings of fact,
   the Court of Appeals is not at liberty to disturb the board's
   ruling, absent allegations of fraud.

2. WORKMEN'S COMPENSATION—APPEAL BOARD—APPEAL AND ERROR—
   CORRECT LEGAL STANDARD.

   The Court of Appeals may determine whether or not the Work-
   men's Compensation Appeal Board applied the correct legal
   standard.

3. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE—DERMATITIS.

   It is well established that dermatitis is an occupational disease.

4. WORKMEN'S COMPENSATION—APPEAL BOARD—DISEASES—AGGRAVA-
   TION OF DISEASES—APPORTIONMENT—PRIOR EMPLOYMENT.

   A defendant employer is entitled to apportionment if it is estab-
   lished by the Workmen's Compensation Appeal Board's findings
   of fact that the disease is an aggravation of a preexisting
   condition and that the claimant's prior employment contrib-
   uted to the claimant's disease.

Appeal from Workmen's Compensation Appeal
Board. Submitted December 2, 1975, at Grand
Rapids. (Docket No. 23612.) Decided February 11,
1976.

Claim by Beverly English against Lescoa, Incor-
porated, Liberty Mutual Insurance Company, Red

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation § 530.

[2] 58 Am Jur, Workmen's Compensation § 461.

[3] 58 Am Jur, Workmen's Compensation § 243 *et seq.*

[4] 58 Am Jur, Workmen's Compensation §§ 168, 341.

Line Restaurant, Aetna Casualty and Surety Company, Teledyne Electro Finishing and Argonaut Insurance Companies, for workmen's compensation benefits. Benefits awarded against Lescoa, Incorporated and Teledyne Electro Finishing. Teledyne Electro Finishing and its insurer appeal by leave granted. Affirmed in part, but remanded with instructions for apportionment.

*Reamon, Williams & Klukowski,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Sherman H. Cone*), for defendants Lescoa, Incorporated and Liberty Mutual Insurance Company.

*Hillman, Baxter & Hammond,* for defendants Red Line Restaurant and Aetna Casualty and Surety Company.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for defendants Teledyne Electro Finishing and Argonaut Insurance Companies.

Before: Danhof, P. J., and Quinn and D. E. Holbrook, Jr., JJ.

Per Curiam. Beverly English contracted dermatitis while employed by Lescoa during approximately a 2-1/2 year period. After several attacks of dermatitis she left Lescoa and eventually went to work for Red Line. While employed there the dermatitis showed some signs of reappearing. She then went to work for Teledyne where she was employed for a period of approximately 6 to 7 months. While working for Teledyne the dermatitis reappeared and she was forced to stop working. Since leaving Teledyne, Mrs. English has been unable to work.

At that point Mrs. English applied for workmen's compensation benefits. Following a hearing she was awarded disability benefits against the defendants. The hearing examiner fixed the liability of each of the defendants and determined that this was not a case for apportionment of the continuing benefits. The Workmen's Compensation Appeal Board affirmed the hearing examiner with a lengthy opinion. From this adverse decision Teledyne appeals by leave granted presenting two issues for review.

First, Teledyne claims that the appeal board erred in holding it liable rather than one of her prior employers. However, the general rule is if there is competent evidence to support the appeal board's findings of fact, we are not at liberty to disturb their ruling absent allegations of fraud. Const 1963, art 6, § 28. MCLA 418.861; MSA 17.237(861). *Shepard v Brunswick Corp,* 36 Mich App 307, 310; 193 NW2d 370 (1971). Our review of the record reveals that there is evidence to support all of the appeal board's findings of fact. Since there is no allegation of fraud raised by Teledyne we affirm the decision of the appeal board finding Teledyne liable for benefits.

Second, Teledyne argues that the appeal board should have granted its motion for apportionment pursuant to MCLA 418.435; MSA 17.237(435). While we can not review the appeal board's findings of fact we may determine if they applied the correct legal standard. *Medacco v Campbell, Wyant & Cannon Foundry Co,* 48 Mich App 217, 220–221; 210 NW2d 360 (1973). It is well established that dermatitis is an occupational disease. See *Sosnowski v Dandy Hamburger,* 384 Mich 221; 180 NW2d 761 (1970). Consequently, Teledyne is entitled to apportionment if it is shown that her

prior employment contributed to the disease. *Mundy v Detroit Grey Iron Foundry,* 57 Mich App 331, 335; 225 NW2d 754 (1975), *Goodman v Bay Castings Division of Gulf & Western Industries,* 49 Mich App 611, 617; 212 NW2d 799 (1973).

Our review of the record as established by the appeal board leads us to conclude that this is a proper case for apportionment. MCLA 418.435; MSA 17.237(435). The appeal board specifically found that the dermatitis contracted while Mrs. English was employed at Teledyne was an aggravation of a pre-existing condition. As a matter of law, the appeal board should have granted Teledyne's request for apportionment.

Affirmed in part and remanded to the Workmen's Compensation Appeal Board for apportionment in accordance with the apportionment statute.