DeMOTT v BATTLE CREEK GOODWILL INDUSTRIES

1. WORKMEN'S COMPENSATION—FINDINGS OF FACT—APPEAL BOARD—
      EVIDENCE—APPEAL AND ERROR.
   The Court of Appeals must accept the findings of fact of the
   Workmen's Compensation Appeal Board absent evidence of
   fraud if there is any evidence in the record to sustain those
   findings (Const 1963, art 6, § 28: MCLA 418.861).

2. WORKMEN'S COMPENSATION—LOSS OF INDUSTRIAL USE—FINDINGS OF
      FACT—APPEAL BOARD—LEGAL STANDARDS—APPEAL AND ERROR.
   An issue of the loss of the industrial use of an employee's legs is
   one of fact for the Workmen's Compensation Appeal Board to
   determine; however, in order to decide whether or not the
   appeal board applied the correct legal standards to the facts in
   reaching its conclusion, the Court of Appeals must know what
   standard was applied.

3. WORKMEN'S COMPENSATION—APPEAL BOARD—LEGAL STANDARDS—
      LOSS OF INDUSTRIAL USE—APPEAL AND ERROR—REMAND.
   The Workmen's Compensation Appeal Board erred where it did
   not indicate the legal standard it followed in deciding that an
   employee had not lost the industrial use of her legs and the
   Court of Appeals must remand so that the board can briefly
   outline for it the legal standard used, even though this may
   have been a mere oversight on the part of the appeal board.

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 3 December 5, 1973, at
Grand Rapids. (Docket No. 16413.) Decided January 14, 1974.

Application by Vivian L. DeMott for hearing
and adjustment of her claim for total and permanent disability against her employer, Battle Creek

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 530.
[2, 3] 58 Am Jur, Workmen's Compensation §§ 282, 283.

Goodwill Industries, its insurer, Wolverine Insurance Company, and the Second Injury Fund. Compensation for continuing disability awarded, but claim for total and permanent disability denied. Plaintiff appeals by leave granted. Remanded for further proceedings.

*McCroskey, Libner, VanLeuven, Kortering, Cochrane & Brock* (by *James L. Waters),* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendants Battle Creek Goodwill Industries and Wolverine Insurance Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William J. Szykula* and *A. C. Stoddard,* Assistants Attorney General, for defendant Second Injury Fund.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

HOLBROOK, J. Plaintiff was involved in an automobile accident in 1939 in which she suffered extensive burns to both her legs. In 1962 her left leg was amputated after developing cancer. In 1965 while working for the defendant Goodwill Industries, she bumped her right leg on a conveyor and was injured. The injury occurred at the site of a small dime-sized ulcer on her right ankle. The ulcer eventually worsened and increased in size, requiring medical attention and disabling her from work. She filed for workmen's compensation benefits and received $24.54 per week in benefits from September 27, 1965, to November 8, 1969, when the payments were stopped. Payments had apparently been made under MCLA 412.10(a)(15); MSA

17.160(a)(15),[1] *i.e.,* 66-2/3% of the average weekly wages for 215 weeks for the equivalent loss of a leg. After payments were stopped, plaintiff filed a claim December 1, 1969, against defendant Goodwill Industries, its insurer, and the Second Injury Fund, claiming permanent and total disability under MCLA 412.10; MSA 17.160. If plaintiff had been found totally and permanently disabled under this statute, the Second Injury Fund would have become liable for her continuing compensation via MCLA 412.8(a); MSA 17.158(1).[2]

The chronology of plaintiff's claim from December 1, 1969 onward demonstrates once again the failure of the workmen's compensation procedure, including appellate review by this Court and the Supreme Court, to meet the primary policy objective of the Workmen's Compensation Act: to provide daily sustenance via monied compensation to employees who because of on-the-job injuries have lost their full capacity to work. Obviously, the compensation objective of the act is not met where a claimant, as plaintiff here, waits over four years for a final adjudication of his or her compensation rights. No hearing was held before the workmen's compensation referee on plaintiff's December 1969 claim until June 11, 1970. The hearing referee's decision followed on June 15, 1970. The referee found that the plaintiff had not lost the industrial use of both legs within the terms of MCLA 412.10(b)(7); MSA 17.160(b)(7),[3] and therefore was not totally and permanently disabled. Thus, the Second Injury Fund was held not liable. He did find that the plaintiff was entitled to continuing compensation from her employer on the basis of a

---

[1] Now MCLA 418.361(1)(k); MSA 17.237(361)(1)(k).

[2] Applicable to the instant case but repealed by 1969 PA 317.

[3] Now MCLA 418.361(2)(g); MSA 17.237(361)(2)(g).

continuing disability. A claim for review before the Workmen's Compensation Appeal Board was filed by the plaintiff, the defendant Goodwill Industries and its insurer. Briefs were then filed with the Workmen's Compensation Appeal Board. The defendant employer and its insurer filed their brief October 26, 1970. The Second Injury Fund filed its brief November 5, 1971. Plaintiff did not file her brief until April 3, 1972. A reply brief was filed by defendants employer and insurance company on May 24, 1972. The Workmen's Compensation Appeal Board finally rendered its decision January 9, 1973. It affirmed the hearing referee in all respects in a 4-to-1 decision. In March 1973 plaintiff asked for leave to appeal to this Court. Leave was granted in May 1973. Now, over four years after the date plaintiff originally filed her claim, we are finally able to deliver our opinion in this case. The instant case was decided approximately seven months from the date of its submission to this Court for processing, which is less time than it ordinarily takes to process a case in this Court. We wonder how plaintiff has sustained herself while those involved in the workmen's compensation process have at length debated the legal merits of her claim. We do not assess blame for the long delay. Surely, the parties and their attorneys, the hearing referee and the Workmen's Compensation Appeal Board, and indeed this Court all share responsibility for the extensive time consumed in deciding plaintiff's claim. Perhaps delay occurs because time limits for filing and adjudication are either too lenient or not strictly applied. In any case, clearly the process takes entirely too long and demands legislative overhaul. Continuation of the present time consuming system neither serves the litigants nor the policy objectives of the Workmen's Compensation Act.

We now proceed to decide the merits of this appeal. Issues raised on cross-appeal by the defendants employer and insurance company can easily be disposed of. At the outset it should be noted that the defendants employer and insurance company support plaintiff's claim that she has lost the industrial use of both legs and is permanently and totally disabled, since such a finding will free them from liability and place compensation responsibility squarely on the Second Injury Fund. Mindful, however, that we may agree with the Workmen's Compensation Appeal Board's conclusion that plaintiff has not lost the industrial use of both legs, defendants alternatively assert that there is no basis for the Workmen's Compensation Appeal Board's finding that plaintiff is entitled to continuing compensation on the basis of a continuing disability. Ever cognizant of the basic principle that we must accept the findings of fact of the Workmen's Compensation Appeal Board absent evidence of fraud if there is any evidence in the record to sustain those findings, we have reviewed the record below and have found more than enough evidence to support the board's conclusion as to the continuing disability of the plaintiff and the compensation owed to her. *Carter v Kelsey-Hayes Co,* 386 Mich 610; 194 NW2d 326 (1972); Const 1963, art 6, § 28; MCLA 418.861; MSA 17.237(861).

Defendants further dispute the exact date of the injury, claiming it was not September 13, 1965, as determined by the hearing referee, but sometime in August 1965. Determination of the date of the injury is important because as of September 1, 1965, the employer's liability limit of 500 weeks of compensation was lifted, making the employer responsible for the duration of the liability. MCLA

412.9(a); MSA 17.159(a).[4] While plaintiff did testify that she thought that the injury occurred in August 1965, all the attorneys agreed in the hearing before the referee that the date of injury was September 13, 1965. Moreover, the hearing referee found the date of injury to be September 13, 1965. This finding of fact is binding on us on appeal.

The basic issue raised by plaintiff on appeal is that the Workmen's Compensation Appeal Board erred in finding that she had not lost the industrial use of her legs. The issue of the loss of industrial use is one of fact for the appeal board. *Miller v Sullivan Milk Products, Inc,* 385 Mich 659; 189 NW2d 304 (1971). However, in order to decide whether or not the Workmen's Compensation Appeal Board applied the correct legal standards to the facts in reaching its conclusion, we must know what standard was applied. The workmen's compensation appeal board did indicate the testimony adopted, and arguably did outline the reasoning it used in reaching its conclusion, but it did not indicate the legal standard it followed in deciding that plaintiff had not lost the industrial use of her legs. Although this may have been a mere oversight on the part of the appeal board, it was error, and therefore we must remand so that the board can briefly outline for us the legal standard used. *Lamb v John's Tavern,* 37 Mich App 678, 681; 195 NW2d 278, 279–280 (1972); *Wright v Thumb Electric Cooperative,* 49 Mich App 714; 212 NW2d 607 (1973); *McClary v Wagoner,* 16 Mich App 326; 167 NW2d 800 (1969); 3 Larsen's Workmen's Compensation Law, § 80.13, pp 260–263. Since we find adequate support for the board's conclusion as to the continuing disability of the plaintiff, since we believe the Workmen's

---

[4] Now MCLA 418.351; MSA 17.237(351).

Compensation Appeal Board can quickly supply us with the standard used, and since plaintiff's claim should be finally settled as quickly as possible, we hereby order the Workmen's Compensation Appeal Board to determine this remand within 30 days of receipt of this opinion.

Remanded for proceedings consistent with this opinion. We retain jurisdiction.

All concurred.