SKOWRONSKI v AJAX FORGING & CASTING COMPANY

1. WORKMEN'S COMPENSATION—DATE OF INJURY—LOSS OF HEARING—
   EVIDENCE. .

   The appropriate date of injury for workmen's compensation pur-
   poses, where evidence shows that the worker's injury was due
   to a slow erosion of his hearing capabilities over a span of 20
   years due to the pernicious environment in which he worked
   and not the result of a single event, is the last day of work in
   the employment in which a worker was last subjected to the
   conditions resulting in disability (MCLA 418.301[1]).

2. WORKMEN'S COMPENSATION—FINDINGS OF FACT—APPEAL BOARD—
   EVIDENCE—APPEAL AND ERROR.

   The findings of fact made by the Workmen's Compensation
   Appeal Board are conclusive on appeal; however, the appeal
   board's decision will be overturned when it is contrary to the
   law, misapplies legal standards, or is not supported by compe-
   tent, material, and substantial evidence of the whole record.

3. WORKMEN'S COMPENSATION—APPORTIONMENT OF LIABILITY—LOSS
   OF HEARING—OCCUPATIONAL DISEASE—STATUTES.

   A noise-induced hearing loss is not an occupational disease within
   the meaning of the Workmen's Compensation Act of 1969 for
   compensation purposes; it is an injury not attributable to a
   single event and a kind of disability excluded from the coverage
   of the apportionment section of the Workmen's Compensation
   Act (MCLA 418.301[1], 418.401[c], 418.411, 418.435).

Appeal from Workmen's Compensation Appeal
Board, Submitted Division 2 May 13, 1974, at
Detroit. (Docket No. 17241.) Decided June 26, 1974.
Application for leave to appeal dismissed with
prejudice by stipulation.

Claim by Stanislaw Skowronski against Ajax

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 245.
[2] 58 Am Jur, Workmen's Compensation §§ 526, 530.
[3] 58 Am Jur, Workmen's Compensation § 243 *et seq.*

Forging & Casting Company and Aetna Casualty & Surety Company for workmen's compensation. Allegheny Ludlum Steel Corporation and Michigan Mutual Liability Insurance Company added as defendants. Award for plaintiff against Allegheny and Michigan Mutual. Allegheny and Michigan Mutual appeal. Reversed and remanded with instructions.

*Ripple & Chambers, P. C.* (by *James O. Flynn),* for plaintiff.

*Le Vasseur, Werner, Mitseff & Brown,* for Ajax Forging & Casting Company and Aetna Casualty & Surety Company.

*E. R. Whinham, Jr.,* for Allegheny Ludlum Steel Corporation and Michigan Mutual Liability Insurance Company.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

R. B. BURNS, J. This is an appeal from the Workmen's Compensation Appeal Board which affirmed a referee's award in favor of the plaintiff, Stanislaw Skowronski, and against defendant, Allegheny Ludlum Steel Corporation, hereinafter referred to as Allegheny, and its insurer, Michigan Mutual Liability Insurance Company, hereinafter referred to as Michigan Mutual. Defendants Allegheny and Michigan Mutual appeal.

Plaintiff began working for Allegheny on July 30, 1950, as a blacksmith. He held that job and worked in the same factory location until he was unable to work on April 27, 1970. Allegheny was

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

plaintiff's employer until July 31, 1967, at which time the facilities were sold to Ajax Forging and Casting Company, hereinafter referred to as Ajax, and Ajax became plaintiff's employer.

Plaintiff's position as a blacksmith required him to operate various heavy hammers. The hammers raised a great amount of dust, produced noxious fumes, and made extremely loud noises. Plaintiff worked in this environment for 20 years. Eventually the dust, fumes, and, especially, the noise caused plaintiff to become almost entirely deaf and to suffer dizziness and headaches. The conditions led to an ear infection that ultimately required an operation in November, 1969. Plaintiff was able to work full time at his job prior to the operation, and he continued to work after the operation until April 27, 1970, when the working conditions gave him such headaches, dizziness, and blackout spells that he was forced to give up his employment.

Upon learning of plaintiff's disability, Ajax filed a notice of dispute with the Workmen's Compensation Bureau. Plaintiff petitioned for a hearing, naming Ajax as his employer. Ajax obtained an order adding Allegheny and its insurer as defendants pursuant to the apportionment liability provisions in MCLA 418.435; MSA 17.237(435). The referee found that plaintiff received a personal injury on November 24, 1966 arising from his employment.

The Workmen's Compensation Appeal Board found that the plaintiff's injury was noise-induced and agreed with the referee that plaintiff's injury arose from his employment. With regard to the date of injury, the board said:

"The objective signs of plaintiff's ear problems began manifesting themselves in 1965 by draining ears, infec-

tion of the ears, and substantially complete hearing loss.

"On November 24, 1969, plaintiff was admitted to the hospital to undergo an operation described as 'left modified radical mastoidectomy.' The hospital record contains the following entry in the history sheet:

" 'Present Illness: This 54 year old white male is admitted to this hospital with complaint of hearing loss and profuse ear discharge for the last 18 years. *He lost completely his hearing for the last three years.'* (Emphasis in original.)

"It appears that in determining the proper injury date the Referee went back three years from the date of hospitalization and came up with November 24, 1966. Since from then on plaintiff's condition remained constant, 'bad * * * ' as he * * * stated at the hearing * * * , the Referee did not commit error in not establishing the injury date as the last day worked."

The board used this finding to moot the question of apportionment between the employers, Ajax and Allegheny.

The first issue concerns statute MCLA 418.301(1); MSA 17.237(301)(1), which reads in part:

"Time of injury or date of injury as used in this act in the case of a disease or in the case of an injury *not attributable to a single event shall be the last day of work* in the employment in which the employee was last subjected to the conditions resulting in disability or death." (Emphasis added.)

The referee and the board failed to apply this portion of the statute to the present case. Instead, they treated plaintiff's injury as if it was attributable to a single catastrophic event. The above-quoted portion of the board's opinion shows the inappropriateness of this treatment. The first paragraph states that plaintiff began demonstrating signs of hearing loss in 1965, fully a year before

the supposed date of injury. In the next paragraph the board quotes a hospital report showing plaintiff's hearing troubles began within a year of the . time he started work with Allegheny and 15 years before the supposed date of injury. Even now, plaintiff has not lost his sense of hearing, though it has continued to deteriorate. The combined effect of these factors indicates that plaintiff's injury was due to a slow erosion of his hearing capabilities over a span of 20 years due to the pernicious environment in which he worked and not the result of a single event. Consequently, the appropriate date of injury would be the last day of work in the employment in which the plaintiff was last subjected to the conditions resulting in disability. *Beelman v Boice Bird & Sons,* 34 Mich App 607; 192 NW2d 35 (1971), and *Fields v G M Brass & Aluminum Foundry Co,* 332 Mich 113; 50 NW2d 738 (1952).

The findings of fact made by the WCAB are conclusive on appeal. *DeMott v Goodwill Industries,* 51 Mich App 127; 214 NW2d 554 (1974). However, the appeal board's decision will be overturned when it is contrary to the law, misapplies legal standards, or is not supported by competent, material, and substantial evidence of the whole record. *Tillotson v Penn-Dixie Cement Corp,* 47 Mich App 427; 209 NW2d 611 (1973), and *Medacco v Campbell, Wyant & Cannon Foundry Co,* 48 Mich App 217; 210 NW2d 360 (1973). In this case, the board's decision must be overturned. It attempted to apply the wrong legal standard to the facts to determine the plaintiff's date of injury. Plaintiff's injury was not attributable to a single event; therefore, the date of injury must be the last day of work in the employment in which the plaintiff was last subjected to the conditions result-

ing in his disability, April 27, 1970. MCLA
418.301(1); MSA 17.237(301)(1).

The next issue is whether defendants Ajax and
Aetna Casualty & Surety Company have a right of
apportionment against defendants Allegheny and
Michigan Mutual. In our opinion, they do not. The
only relevant apportionment statute is MCLA
418.435; MSA 17.237(435) which reads in part:

"The total compensation due shall be recoverable
from the employer who last employed the employee in
the employment to the nature of which the *disease* was
due and in which it was contracted. If any dispute or
controversy arises as to the payment of compensation
or as to liability therefor, the employee shall give notice
to and make claim upon the last employer only and
apply for a hearing against the last employer only. If
the employee was employed by prior employers in an
employment to the nature of which the *disease* was due
and in which it was contracted, the hearing referee to
whom the case is assigned or the director on motion
* * * shall join any or all prior employers * * * ."
(Emphasis added.)

This statute is obviously predicated upon the
assumption that the employee must be suffering
from an occupational disease before the rest of the
section is to apply. As has already been stated, the
board found that plaintiff's injury was noise-in-
duced. We are bound to agree. *DeMott, supra.* We
do not believe that a noise-induced hearing loss is
an occupational disease within the meaning of the
Workmen's Compensation Act of 1969 for compen-
sation purposes. The act does not clearly define
what an occupational disease is, but MCLA
418.301(1); MSA 17.237(301)(1) makes an unmistak-
able distinction between a disease and an injury
not attributable to a single event. This distinction
is reverberated in MCLA 418.401(c); MSA
17.237(401)(c) and MCLA 418.411; MSA

17.237(411). Having gone to such lengths to maintain this distinction throughout the new act, the Legislature was obviously aware of it when it approved an apportionment section that mentioned only disease-caused disabilities. The legislative failure to specifically include the other kinds of disabilities, which had been repeatedly distinguished from diseases, must be viewed as a deliberate exclusion from the coverage of the apportionment section. Therefore, it would be improper to consider plaintiff's injury covered by the apportionment section.

Reversed and remanded for further proceedings and determinations in accord with the principles announced in this opinion.

All concurred.