DERWINSKI v EUREKA TIRE COMPANY

1. Workmen's Compensation—Prior Employers—Apportionment of Liability—Statutes.

All prior employers for whom an injured employee has worked under conditions similar in nature to those from which his disease arose are proportionately liable for the payment of the workers' compensation benefits awarded (MCLA 418.435; MSA 17.237[435]).

2. Workmen's Compensation—Prior Employers—Disability—Apportionment of Liability.

Apportionment of financial liability for an employee's disease-caused disability is designed to reflect the relative contribution of similar employment conditions at each employer to the occurrence of the disability.

3. Workmen's Compensation—Multiple Employers—Apportionment of Liability.

The culmination of a prolonged exposure of an employee to deleterious employment conditions at multiple employers should not result in the imposition of a financial burden only upon the last in the series of employers; each employer should assume his fair share of the responsibility concomitant to receiving the employee's services.

4. Workmen's Compensation—Employers—Compensable Disability—Disease—Causes of Disease—Apportionment of Liability—Statutes.

A disease is present for purposes of the apportionment statute whenever the evidence establishes that the compensable disability derives from the effects of continued and protracted exposure to the inherent elements of the employee's employment; thus, an injury arising from a single event is in nowise disease-caused nor are injuries stemming from multiple events of trauma, but those injuries resulting from the continual

References for Points in Headnotes
[1–3] 82 Am Jur 2d, Workmen's Compensation § 409.
[4, 5] 82 Am Jur 2d, Workmen's Compensation § 290 *et seq.*

impact upon the body of the circumstances of employment affecting a gradual and increasing deterioration or impairment constitute disease-caused disabilities (MCLA 418.435; MSA 17.237[435]).

5. WORKMEN'S COMPENSATION—DISEASE—DEFINITION.

Disease is an impairment of the normal state of the living animal, or of any of its components that interrupts or modifies the performance of the vital functions, being a response to environmental factors such as malnutrition, industrial hazards or climate.

Appeal from Workmen's Compensation Appeal Board. Submitted October 4, 1977, at Marquette. (Docket No. 77-987.) Decided November 22, 1977.

Claim by Eugene Derwinski against Eureka Tire Company for workmen's compensation. Eureka moved to join prior employer Hosking Tire Company and an order issued making the tire companies and their insurers parties defendant. The referee issued an order apportioning liability between the two consecutive tire company employers. Hosking Tire Company appealed to the Workmen's Compensation Appeal Board claiming error in the referee's order of apportionment. The Workmen's Compensation Appeal Board reversed the referee's order of apportionment, making Eureka solely liable. Eureka appeals by leave granted. Reversed and remanded for reinstatement of the referee's order of apportionment.

*John C. Paupore,* for plaintiff.

*Casanova, Ryan & Schwedler,* for defendant-appellant Eureka Tire Company.

*Ulanoff, Ross, Summer & LaKritz, P. C.,* for defendants-appellees Hosking Tire Company.

Before: QUINN, P. J., and BASHARA and D. E.
HOLBROOK, JR., JJ.

PER CURIAM. Appeal is taken by defendant,
Eureka Tire Company, from a decision of the
Workmen's Compensation Appeal Board denying
apportionment between Eureka Tire Company and
Hosking Tire Company of an award of benefits to
plaintiff. Eureka claims that the plaintiff's back
injury is the result of degenerative disk syndrome,
which, in turn, spanned the course of plaintiff's
employment at both Eureka and Hosking. From
this, Eureka maintains that degenerative disk syn-
drome is a disease within the contemplation of the
apportionment statute[1] so as to entitle it to contri-
bution from Hosking.

There is no dispute by the parties as to the
propriety of the award of benefits to plaintiff. The
board found that plaintiff's injury arose from and
in the course of his employment as a tire recapper.
Plaintiff was so employed by Hosking for a period
of seven years and subsequently employed by
Eureka for a period of two and one-half years
when the disabling injury occurred. As a tire
recapper, plaintiff's duties included extensive bend-
ing and heavy lifting activity.

In denying apportionment, the board found that
although the "plaintiff's disability is the result of
his heavy lifting duties at both employers", it did
not constitute an occupational disease within the
meaning of the statute. Thus, we must determine
whether an employment-related injury that results
from the nature of an employee's work duties is a
"disease" as that term is used in the apportion-
ment statute.

The language of the apportionment statute
plainly makes it applicable only where a disabling

---

[1] MCLA 418.435; MSA 17.237(435).

*disease* arises from similar conditions of employment with multiple employers.[2] As to the method of apportionment, the statute provides the following scheme:

"[A]ll employers named as defendants may appear, cross-examine witnesses, give evidence and defend both on the issue of the liability of the last employer to the employee and on the issue of their liability to the last employer. The hearing referee shall enter an order determining liability for compensation as between the employee and the last employer. *The hearing referee shall apportion liability for compensation among the several employers in proportion to the time that the employee was employed in the service of each employer in the employment to the nature of which the disease was due and in which it was contracted* and shall enter a separate order in favor of the last employer and against prior employers for their proportionate share of liability, which order may be enforced in the same manner as an award for compensation. Any order so entered may be appealed by any party and shall be reviewed in accordance with the procedure provided in this act. Any employer made a party under this section, prior to hearing, may inquire in writing of the employee claiming compensation, or of his attorney, the names and addresses of all employers and the approximate dates of employment, and the employee or his attorney shall answer to the best of his ability." MCLA 418.435; MSA 17.237(435). (Emphasis added.)

---

[2] The pertinent text of the statute reads as follows:

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the *disease* was due and in which it was contracted. If any dispute or controversy arises as to the payment of compensation or as to liability therefor, the employee shall give notice to and make claim upon the last employer only and apply for a hearing against the last employer only. If the employee was employed by prior employers in an employment to the nature of which the *disease* was due and in which it was contracted, the hearing referee to whom the case is assigned or the director on motion made in writing by the last employer shall join any or all prior employers, mentioned in the motion, as parties-defendant." *Id.* (Emphasis added.) *See also Skowronski v Ajax Forging & Casting Co,* 54 Mich App 136, 141; 220 NW2d 725, 727 (1974).

Thus, all prior employers, as defined elsewhere in the statute,[3] for whom the injured employee has worked under conditions similar in nature to those from which his disease arose, are to be proportionately liable for payment of the benefits awarded.

Our research has disclosed no cases articulating the legislative intent underlying the statute. Nevertheless, the Legislature's choice and pattern of words makes the intent clear and also provides the key for ascertaining the meaning of the term "disease". Apportionment of financial liability for an employee's disease-caused disability is designed to reflect the relative contribution of similar employment conditions at each employer to the occurrence of the disability. In other words, the fortuitous event of a disability, which is but the culmination of a prolonged exposure of the employee to deleterious employment conditions at multiple employers, should not result in the imposition of a financial burden only upon the last in the series of employers. It is the intent of the Legislature that each employer assume his fair share of the responsibility concomitant to receiving the employee's services.

From the legislative intent, the meaning of "disease" as used in the statute becomes manifest. A disease is present for purposes of the apportionment statute whenever the evidence establishes that the compensable disability derives from the effects of continued and protracted exposure to the inherent elements of the employee's employment. Thus, an injury arising from a single event is in

---

[3] A prior employer is defined as:

"[A]n employer who has employed the employee for 6 months or longer during the 10 years preceding the date upon which the employee was last subjected to the conditions resulting in disability." MCLA 418.435; MSA 17.237(435).

nowise disease-caused. Similarly, injuries stemming from multiple events of trauma are not disease-caused. But those injuries resulting from the continual impact upon the body of the circumstances of employment effecting a gradual and increasing deterioration or impairment constitute disease-caused disabilities.

Our conclusion is supported by the rule of statutory construction that ascribes to words, not otherwise defined in the statute, their plain and ordinary meaning. *Bingham v American Screw Products Co,* 398 Mich 546, 563; 248 NW2d 537 (1976). Such meaning may be found by reference to Webster's Third New International Dictionary, which defines disease as "an impairment of the normal state of the living animal * * * or of any of its components that interrupts or modifies the performance of the vital functions, being a response to environmental factors (as malnutrition, industrial hazards, or climate) * * * ."

In the instant case, the record supported the board's factual determination that plaintiff's disability was caused by his strenuous duties performed at both Hosking and Eureka. Performance of those duties over the period of employment produced a gradual deterioration of plaintiff's back resulting in the occurrence of the ultimate disability. Accordingly, the disability was diseased-caused within the meaning we have attributed to that term. Therefore, the referee's order apportioning the award between Hosking and Eureka pursuant to the statute should have been affirmed by the board.

We recognize that another panel of this Court held under similar factual circumstances involving an employee's gradual loss of hearing, that the

benefit award was not apportionable.[4] Suffice it to state that were we presented with the same facts, our conclusion would differ.

Reversed and remanded for reinstatement of the referee's order of apportionment. No costs, the construction of a statute being involved.

---

[4] *Skowronski v Ajax Forging & Casting Co,* 54 Mich App 136; 220 NW2d 725 (1974).