THUMSER v LAKEY FOUNDRY CORPORATION

Docket No. 77-3256. Submitted April 4, 1978, at Grand Rapids.—
Decided June 20, 1978. Leave to appeal applied for.

Russell R. Thumser was employed as a skilled millwright by
Lakey Foundry Corporation before 1971. His position was ter-
minated, and subsequently he filed a petition for workmen's
compensation benefits alleging that he had contracted a lung
disease. Pending a ruling on the petition, Thumser obtained an
unskilled position with McGuire's Auto Parts. He was injured
on that job, and filed a petition for compensation for that
injury. The hearing referee concluded that Thumser had sus-
tained two distinct work related disabilities and ordered pay-
ment of compensation by the Self-Insurers' Security Fund for
the Lakey disability and by McGuire and CNA Insurance
Company for the McGuire injury. Lakey and McGuire both
appealed, and the Workmen's Compensation Appeal Board
recalculated the benefits due and held each employer sepa-
rately liable for the disability arising from their respective
employments of Thumser. McGuire appeals by leave granted,
contending the board erred in ordering concurrent compensa-
tion payments and that the total compensation awarded ex-
ceeds the statutory maximum. *Held:*

1. The concurrent awards are proper. The plaintiff was
disabled from his skilled position and reestablished a wage
earning capacity as an unskilled worker, and may be compen-
sated for injuries sustained in each wage earning capacity.

2. The total compensation may not exceed the statutory
maximum and must, therefore, be revised.

Reversed and remanded for entry of a proper order.

1. WORKMEN'S COMPENSATION—MULTIPLE INJURIES—SEPARATE WAGE
EARNING CAPACITIES.

An employee may establish two separate wage earning capacities
and be compensated for injuries sustained in each capacity at
the same time; therefore, payment of workmen's compensation

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 344, 345.
[2] 82 Am Jur 2d, Workmen's Compensation § 345.

benefits was properly ordered from two employers where the employee was initially disabled from a skilled position by a lung disease contracted there and later established a . wage earning capacity with another employer as an unskilled worker at which employment he was injured.

2. WORKMEN'S COMPENSATION—TWO EMPLOYERS—TOTAL BENEFITS—
   MAXIMUM BENEFITS.

   An award to an injured employee by the Workmen's Compensation Appeal Board of disability benefits from two employers, the aggregate total of which exceeds the statutory maximum, must be reduced, under the facts of the case, by discounting equally the amounts each employer was ordered to pay so that the sum equals the statutory maximum.

*Marcus, Ruck & Flynn, P. C.* (by *David M. Wells),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard F. Zapala,* Assistant Attorney General, for defendants Lakey Foundry Corporation and Self-Insurers Security Fund.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendants McGuire's Auto Parts and CNA Insurance Company.

Before: R. B. BURNS, P. J., and J. H. GILLIS and D. C. RILEY, JJ.

J. H. GILLIS, J. The facts in this matter are not in dispute. Plaintiff was intermittently employed by defendant Lakey Foundry Corporation (hereinafter referred to as Lakey) between 1942 and 1971 as a skilled millwright.

In 1971, Lakey was suffering financial difficulties and was forced to terminate plaintiff's position. Some months later, on June 26, 1972; plaintiff filed a petition for workmen's compensation benefits for

an alleged disability arising out of his employment with Lakey.[1]

During the pendency of these proceedings, plaintiff secured an unskilled position with defendant, McGuire's Auto Parts (hereinafter referred to as McGuire) and remained in their employ for approximately 12 months.

On June 29, 1973, in the course of his employment at McGuire, plaintiff suffered a bilateral hernia while lifting a heavy object.[2]

Subsequent thereto, plaintiff filed an additional claim for workmen's compensation against McGuire for the injury he sustained while in their employ.

A hearing was conducted on both claims and the referee concluded that plaintiff had sustained two distinct work related disabilities, the first being the lung disease contracted by plaintiff during his tenure with Lakey, and the second being the bilateral hernia suffered by plaintiff while in McGuire's employ. The referee also stated that:

"It is therefore ordered that Self Insurers Security Fund [Lakey] pay compensation at the rate of 2/3 of the wage loss per week for partial disability to said employee from June 26, 1972 to June 29, 1973 inclusive, and McGuire and CNA pay compensation at the rate of $103.97 per week from 6–30–73 to 3–5–75 inclusive for total disability to said employee, and further, that said employee is still totally disabled and McGuire and CNA shall pay compensation at the rate of $103.97 until further order of the Bureau. All payments shall be

[1] Lakey Foundry Corporation became bankrupt in 1972 and the Self-Insurers' Security Fund assumed responsibility for workmen's compensation claims arising against Lakey Foundry.

[2] The hernia could not be repaired via surgical procedures in that plaintiff's lung disease prevented the use of anesthesia. Hence, in essence Lakey is in part responsible for the severity of plaintiff's second injury.

made with interest at the rate of 6% from date due until paid. Credit shall be given for previous payments.

\* \* \*

"All payments for the period 6–26–72 to 6–29–73 are for a lung disease. As specified in section 418.535, I find that the payments ordered for the periods after 6–29–73 are 60% for lung disease and 40% for bilateral hernia. Back problems are not found to be contributing to the disability at this time. The SISF [Lakey] shall reimburse McGuire & CNA for 92.9% of the payment McGuire and CNA make for lung disability. (The SISF would currently reimburse at the rate of 92.9% of 60% of $103.97 weekly.)"

Both Lakey and McGuire appealed this decision to the Workmen's Compensation Appeal Board.

On August 5, 1977 the appeal board set aside the referee's order and completely recalculated the benefits due plaintiff. The appeal board held each defendant separately liable for the disability arising out of their respective employments of plaintiff.

"Benefits payable to plaintiff by both employers will be based on average weekly wages of $215 at Lakey Foundry with a November 4, 1971 injury date, and $155.96 at McGuire's with a June 29, 1973 injury date and three dependents.

"Lakey Foundry and Self-Insurers' Security Fund (SISF) are ordered to pay total compensation from the date of his petition SISF benefits (June 26, 1972), to July 10, 1972, at the rate of $96 per week and compensation benefits from July 11, 1972, to the date of hearing and until the further order of the Bureau at the weekly rate of $59.04, the full difference between his average weekly wages. Pursuant to Section 545, SISF is entitled to reimbursement from the Dust Fund after the payment of $12,500.

"McGuire's Auto Parts and CNA Insurance Co. are ordered to pay compensation at the rate of $103.97 from June 30, 1973, to the date of hearing and until the

further order of the Bureau. Section 545 does not apply to this award."

On the basis of this order, plaintiff was entitled to total benefits of $163.01 per week. McGuire now appeals by leave granted challenging the appeal board's opinion.

McGuire first contends the appeal board erred in ordering concurrent compensation awards to be paid in that plaintiff cannot suffer two losses of his wage earning capacity. We disagree. An employee may establish two separate wage earning capacities and be compensated for injuries sustained in each capacity at the same time.

"The fact that in 1927 plaintiff, engaged in skilled employment, suffered an accidental injury which totally destroyed his earning capacity in the employment in which he was working at the time of the accident does not preclude him from recovering compensation for total disability arising from an accident in another kind of employment in which he was engaged under the act as it now stands." *Hebert v Ford Motor Co,* 285 Mich 607, 613–614; 281 NW 374 (1938).

Such is the case in the instant matter. Plaintiff was disabled from his skilled position at Lakey due to the lung ailment he contracted there. He later assumed an unskilled position at McGuire and worked there until he suffered the hernia injury. Hence, he reestablished a wage earning capacity as an unskilled worker. See *Tidey v Riverside Foundry & Galvanizing Co,* 7 Mich App 40, 49; 151 NW2d 198 (1967).

Accordingly, we find no error in respect to this issue.

McGuire next contends that the aggregate total of the two awards ($163.01) exceeds the statutory

maximum. We agree. The awards must be reduced to comply with the legislative mandate of MCL 418.351; MSA 17.237(351), MCL 418.361; MSA 17.237(361), and MCL 418.371(1); MSA 17.237(371)(1).

Having concluded that plaintiff's awards must be reduced to the 1973 statutory limit of $111, we are now faced with the task of determining how much each defendant must contribute towards this amount.[3]

Our research has failed to produce any cases from this jurisdiction that deal with concurrent compensation awards which exceed the statutory maximum.

To arrive at an equitable result in the instant case, we believe that it is necessary to take the maximum liability each employer was ordered to pay and discount these amounts equally so that their sum totals equal the statutory maximum of $111 per week.

Accordingly, Lakey is ordered to pay $53.29 per week and McGuire is ordered to pay $57.71 per week to plaintiff in accordance with GCR 1963, 820.1(1).[4]

We note that the decision reached herein is restricted to the unique facts presented in this case.

Reversed and remanded for entry of an order not inconsistent with this opinion. No costs, neither party having prevailed in full.

---

[3] As noted earlier, the two disabilities are separate and distinct injuries and therefore the apportionment statute does not apply. MCL 418.535; MSA 17.237(535).

Also, the statute would not apply in that plaintiff's second injury was not a disease as defined by the act. See *Derwinski v Eureka Tire Co,* 79 Mich App 750; 263 NW2d 30 (1977).

[4] $96 (Lakey's maximum award per week) plus $103.97 (McGuire's maximum award per week) equals $199.97. $111 divided by $199.97 equals .5550832, the reduction fraction. Hence, Lakey's liability equals $96 times .5550832 or $53.29 and McGuire's liability equals $103.97 times .5550832 or $57.71.