PERRY v TELEDYNE CONTINENTAL MOTORS CORPORATION

Docket No. 77-2670. Submitted June 13, 1978, at Grand Rapids.—
Decided September 5, 1978. Leave to appeal applied for.

Harry Perry was awarded worker's disability compensation bene-
fits for a work-related pulmonary disability while employed by
Continental Motors Corporation and its successor Teledyne
Continental Motors Corporation. The Workmen's Compensation
Appeal Board entered an order which apportioned liability for
wage benefits between the corporations but which failed to
apportion liability for medical benefits. Teledyne Continental
and Argonaut Insurance, its insurance carrier, appeal. The
question on appeal is whether the apportionment of liability
statute provides for the apportionment of back wage benefits
and medical benefits between the employers. *Held:*

The apportionment of liability statute encompasses back
wage benefits and medical benefits and both wage and medical
benefits are apportionable between the employer corporations.

Remanded to the Workmen's Compensation Appeal Board for
entry of an order apportioning medical benefits.

WORKMEN'S COMPENSATION—EMPLOYER LIABILITY—WAGE AND MEDI-
CAL BENEFITS—APPORTIONMENT STATUTES.

The last employer, and all prior employers, for whom an injured
employee has worked under conditions similar in nature to
those from which his disease arose are proportionately liable
for the payment of both wage benefits and medical benefits
under the statute providing for apportionment of an employer's
liability (MCL 418.435; MSA 17.237[435]).

*McCroskey, Libner, Van Leuven, Feldman, Kort-
ering, Cochrane & Brock* (by *Timothy J. Bott),* for
plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D.
Wells),* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation §§ 408, 409.

Before: D. E. HOLBROOK, JR., P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

D. E. HOLBROOK, JR., P. J. Plaintiff was awarded worker's disability compensation benefits for a work-related pulmonary disability contributed to by extended occupational exposure to atmospheric irritants while employed by defendant-appellee Continental Motors Corporation and its successor corporation, defendant-appellant Teledyne Continental Motors Corporation. The appeal board entered an order which apportioned between defendants liability for wage benefits, but which failed to apportion liability for medical benefits.

Defendant-appellant appeals, by leave granted, asserting that the applicable statute, MCL 418.435; MSA 17.237(435), provides for apportionment of liability for both wage benefits and medical benefits.

MCL 418.435; MSA 17.237(435) provides in pertinent part:

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted. If any dispute or controversy arises as to the payment of compensation or as to liability therefor, the employee shall give notice to and make claim upon the last employer only and apply for a hearing against the last employer only. If the employee was employed by prior employers in an employment to the nature of which the disease was due and in which it was contracted, the hearing referee to whom the case is assigned or the director on motion made in writing by the last employer shall join any or all prior employers, mentioned in the motion, as parties-defendant. A 'prior employer', for purposes of this

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

section, means an employer who has employed the employee for 6 months or longer during the 10 years preceding the date upon which the employee was last subjected to the conditions resulting in disability. * * * The hearing referee shall enter an order determining liability for compensation as between the employee and the last employer. The hearing referee shall apportion liability for compensation among the several employers in proportion to the time that the employee was employed in the service of each employer in the employment to the nature of which the disease was due and in which it was contracted and shall enter a separate order in favor of the last employer and against prior employers for their proportionate share of liability, which order may be enforced in the same manner as an award for compensation. Any order so entered may be appealed by any party and shall be reviewed in accordance with the procedure provided in this act."

We believe that it was the clear intent of the Legislature in enacting this statute that each employer assume its fair share of responsibility concomitant to receiving the employee's services. *Derwinski v Eureka Tire Co,* 79 Mich App 750, 754; 263 NW2d 30 (1977). An employer is responsible for both wage and medical benefits. We, therefore, construe the term "compensation" as used in the above-quoted statute to encompass both wage benefits and medical benefits, and hold that both wage and medical benefits are apportionable. *Dornbos v Block & Guggenheimer, Inc,* 326 Mich 626; 40 NW2d 749 (1950), provides inferential support for this result. See, also, *Wehmeier v W E Wood Co,* 377 Mich 176; 139 NW2d 733 (1966), *Lahti v Fosterling,* 357 Mich 578; 99 NW2d 490 (1959), *Munson v Christie,* 270 Mich 94; 258 NW 415 (1935).

Remanded to the appeal board for entry of an order apportioning medical benefits not inconsistent with this opinion. No costs. Interpretation of a statute involved.