HUGHES v LAKEY FOUNDRY CORPORATION

Docket No. 78-460. Submitted November 3, 1978, at Lansing.—Decided July 9, 1979. Leave to appeal applied for.

Perry Hughes was employed by Lakey Foundry Corporation for 25 years in a job which required strenuous repetitive movements of his back and exposed him to gas, sand and dust. Subsequently, he was employed for 15 months by Eagle-Ottawa Leather Company in a job which also required twisting and bending of his back. Hughes was found to have suffered a permanent lung disability from his exposure to dust at Lakey, and a degenerative back condition attributable to the job at Lakey, and aggravated by his job at Eagle-Ottawa. The Workmen's Compensation Appeal Board found that Hughes was totally disabled from foundry work by his lung condition, and totally disabled from common labor by his back condition after its aggravation at the second employment. Eagle-Ottawa was ordered to pay benefits of $100 per week for the back condition, and Lakey and the Self-Insurer's Security Fund to pay benefits of $33.76 per week. The board declined to apportion liability for the back condition. Eagle-Ottawa and its insurer, Allstate Insurance Company, appeal by leave granted. Eagle-Ottawa alleges that no competent evidence existed to support the finding of aggravation of the back condition and that the board erred in not apportioning the liability for the back condition. Lakey alleges that the board erred in awarding partial disability benefits for the lung condition while finding total disability. Both defendants allege that the total award exceeds the statutory maximum. *Held:*

1. There was competent evidence to show that the employment at Eagle-Ottawa aggravated the back condition.

2. The back injury may fairly be classed as an "occupational disease". The last employer may seek apportionment of disability benefits where the prior employment contributed to an

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 631.
[2, 4] 82 Am Jur 2d, Workmen's Compensation § 409.
[3] 82 Am Jur 2d, Workmen's Compensation §§ 296, 298.
[5] 82 Am Jur 2d, Workmen's Compensation §§ 343, 347-349, 384.
[6] 82 Am Jur 2d, Workmen's Compensation § 343.

occupational disease. The board, therefore, erred when it refused to apportion the financial liability for the back condition between the two employers. Based on the relative time of employment with each employer, Lakey should be liable for 95% of the benefits for the back condition, and Eagle-Ottawa for 5%.

3. The board properly awarded partial disability benefits for the lung disability, based upon the disparity between Hughes' earning capacity before and after the disability arose.

4. The total award exceeds the statutory maximum. The amount for which each employer is liable must therefore be reduced so that the total award does not exceed the statutory maximum.

Affirmed in part, reversed in part and remanded.

1. WORKMEN'S COMPENSATION — FINDINGS OF FACT — APPEAL AND ERROR.

Findings of fact made by the Workmen's Compensation Appeal Board acting within its power are conclusive and binding upon a reviewing court, absent fraud, when supported by competent evidence (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKMEN'S COMPENSATION — TWO EMPLOYERS — APPORTIONMENT.

The last employer of a disabled employee may seek apportionment of disability benefits where the employee suffers from an occupational disease and where it is shown that prior employment contributed to the disease (MCL 418.435; MSA 17.237[435]).

3. WORKMEN'S COMPENSATION — WORDS AND PHRASES — OCCUPATIONAL DISEASE.

An "occupational disease" is one which characteristically involves a long history of exposure without actual disability until its effects force an entire cessation of work; a back injury that has arisen from continuous exposure to repeated bending, lifting and twisting may fairly be classed as an occupational disease.

4. WORKMEN'S COMPENSATION — TWO EMPLOYERS — APPORTIONMENT — CONTRIBUTION TO DISABILITY.

It is sufficient, for purposes of apportionment of workmen's compensation benefits between two employers, for the prior employment to have contributed to the employee's disability even though the employee may not have been subjected to identically disabling conditions at both places of employment.

5. Workmen's Compensation — Concurrent Benefits — Earning
   Capacity — Earning of Wages.

   An employee may receive concurrent disability awards where he
   establishes that two distinct earning capacities have been de-
   stroyed by disability; the test of whether the employee has an
   "earning capacity" is established by the actual earning of
   wages rather than the degree of skill of an individual em-
   ployee.

6. Workmen's Compensation — Maximum Benefits — Reduction
   of Excess Award.

   A combined award of workmen's compensation benefits from two
   employers which exceeds the statutory maximum must be
   reduced proportionally so that the total award does not exceed
   the statutory maximum.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph M. Binno,* Assistant Attorney General, for the Self-Insurers' Security Fund.

*Nelson & Ackerman, P.C.* (by *Timothy C. Liggett),* for Eagle-Ottawa Leather Company and Allstate Insurance Company.

Before: M. J. Kelly, P.J., and J. H. Gillis and M. F. Cavanagh, JJ.

M. F. Cavanagh, J. Eagle-Ottawa Leather Company, and its worker's compensation insurer, appeal from the findings and decision of the Workmen's Compensation Appeal Board (WCAB) ordering both Eagle-Ottawa and Lakey Foundry[1] to pay disability benefits to plaintiff.

Plaintiff Hughes was employed for 25 years by Lakey Foundry. His job required strenuous, repetitive movements of his back and exposed him to

[1] Lakey Foundry went bankrupt in 1972. Pursuant to MCL 418.537(2); MSA 17.237(537)(2), the Self-Insurers Security Fund has been made a party to this action.

gas, sand and dust. Lakey Foundry closed in February, 1972. From November or December, 1972, to February, 1974, plaintiff worked at Eagle-Ottawa Leather Company, performing somewhat lighter work, but also involving twisting and bending of his back.

Medical evidence showed that plaintiff suffered from a permanent lung disability due to his years of exposure to the dust-laden environment at Lakey. It also showed that plaintiff suffered as well from a degenerative back condition attributable to the strain from his foundry job but also aggravated by his job at Eagle-Ottawa in the proportion of 25 years to 15 months. This back condition unsuited him for all but sedentary work.

On the basis of the evidence, the WCAB found that the plaintiff's lung condition totally disabled him from foundry work. However, in the field of common labor, due to his combined lung and back conditions, plaintiff was only partially disabled. The WCAB further found that the job at Eagle-Ottawa aggravated, accelerated or contributed to his back condition only, resulting in plaintiff's total disability in the field of common labor. The board declined however to apportion liability for the back condition, pursuant to MCL 418.435; MSA 17.237(435) and *Derwinski v Eureka Tire Co,* 79 Mich App 750; 263 NW2d 30 (1977), *lv gtd* 403 Mich 846 (1978). Based on these findings and conclusions of law, the WCAB ordered Lakey and the Self-Insurers Fund to pay benefits in the amount of $33.67 per week beginning June 17, 1974, until further notice. It ordered Eagle-Ottawa to pay concurrently benefits of $100 per week for the back condition, for the period beginning with plaintiff's last day of work, through the hearing period and thereafter until further order. The

combined award for partial and total disabilities equaled $133.67.

On appeal defendant Eagle-Ottawa argues that no competent evidence existed to support WCAB's finding that plaintiff's back condition was aggravated by his employment at Eagle-Ottawa. It further asserts that the board erred in refusing to apportion liability for the disabling back condition. Defendant Lakey argues the board erred in awarding plaintiff partial disability benefits for his lungs while finding him at the same time totally disabled. Both defendants argue that the award to plaintiff improperly exceeds the statutory maximum.

Findings of fact by the WCAB acting within its power are conclusive and binding on the reviewing court, absent fraud. Const 1963, art 6, § 28, MCL 418.861; MSA 17.237(861). These findings of fact, however, must be supported by competent evidence. *Deziel v Difco Laboratories, Inc,* 403 Mich 1, 37; 268 NW2d 1 (1978). We conclude, after review of the record, that competent evidence existed to show that plaintiff's employment at Eagle-Ottawa aggravated his back condition.

We next consider Eagle-Ottawa's claim that the WCAB erred in refusing to apportion liability for plaintiff's back condition between his two employers. Under MCL 418.435; MSA 17.237(435), the last employer of a disabled plaintiff may seek apportionment of disability benefits where a plaintiff suffers from an occupational disease and where it is shown that the prior employment contributed to the disease. *English v Lescoa, Inc,* 67 Mich App 403, 405-406; 241 NW2d 225 (1976), *lv den* 399 Mich 822 (1977). In the instant case, the WCAB concluded that plaintiff's prior employment indeed "caused, aggravated, accelerated or contributed to" the arthritic changes in his back.

The apportionment statute, however, does not define an occupational disease. Although *Derwinski v Eureka Tire Co, supra,* does treat a back condition similar to the one at issue here as an apportional disease, the WCAB declined to apply its holding. The board distinguished the *Derwinski* case from the case at bar based on the absence of identical tasks and differing degrees of effort involved in plaintiff's two jobs.

We are aware, as was the WCAB, of the split in authority on this issue between the *Derwinski* holding and *Skowronski v Ajax Forging & Casting Co,* 54 Mich App 136; 220 NW2d 725 (1974). There, the Court declined to apportion liability for a work-related gradual hearing loss. The opinion noted that the law distinguished between a disease and an injury not attributable to a single event to conclude that the hearing loss fell into the latter category. *Skowronski, supra,* at 141-142; see MCL 418.301(1); MSA 17.237(301)(1).

We are persuaded that the approach adopted in *Derwinski, supra,* is more consonant with case law and the intent of MCL 418.435; MSA 17.237(435).

While the present statute does not define an occupational disease, it is apparent that such a disease characteristically involves a long history of exposure without actual disability until its effects force an entire cessation of work. 4 Larson, Workmen's Compensation Law, § 95.21. In *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243, 256-257; 262 NW2d 629 (1978), the Supreme Court quotes this definition with approval and acknowledges that a number of Michigan cases have treated back conditions as occupational diseases where they have arisen gradually because of repeated bending, lifting and twisting. The *Dressler* opinion distinguishes this type of back injury from

one due to single or multiple event trauma and subsequent aggravation. Logically and legally, therefore, a back injury that has arisen from continuous exposure to such strenuous job-related conditions may fairly be classed as an occupational disease.

Given this reasoning, we are unimpressed with the WCAB's attempt to distinguish *Derwinski* from the case at bar. It is sufficient, for purposes of apportionment, for the prior employment to have contributed to the disability, even though the employee may not have been subjected to identically disabling conditions. *Mundy v Detroit Grey Iron Foundry,* 57 Mich App 331; 225 NW2d 754 (1975). In our view, differences in severity of the work conditions between employers have relevance only in calculating the proportion of each employer's contribution to the disability.

We therefore hold that the WCAB erred by refusing to apportion financial liability for plaintiff's back condition between the two defendant employers.

The WCAB ordered defendant Eagle-Ottawa to pay $100 per week to plaintiff for his total disability, based on two-thirds of his weekly salary ($150). It previously found that defendant Lakey had contributed to plaintiff's back condition in the proportion of 25 years to 15 months. Based on this finding, we remand for entry of an order pursuant to MCL 418.435; MSA 17.237(435), apportioning liability for the above award as follows: Lakey Foundry and SISF, 95%; Eagle-Ottawa, 5%; and for entry of a separate order in favor of Eagle-Ottawa to enforce its claim for reimbursement of 95% of its payments to plaintiff against Lakey Foundry and the SISF.[2]

---

[2] This apportionment is calculated as follows:

We next address the issue of whether the WCAB improperly awarded plaintiff compensation for partial disability of his lungs concurrently with compensation for his total disability due to his back condition.

An employee may receive concurrent disability awards where he establishes that two distinct earning capacities have been destroyed by disability. *Hebert v Ford Motor Co,* 285 Mich 607, 613-614; 281 NW 374 (1938), *Thumser v Lakey Foundry Corp,* 84 Mich App 319, 323; 269 NW2d 583 (1978). These cases involved situations where the employee had first lost an earning capacity in a skilled occupation due to total disability and then lost a second earning capacity in an unskilled occupation. However, it is clear that the test of "earning capacity" is established by the "actual earning of wages", *Dalton v Candler-Rusche, Inc,* 65 Mich App 282, 288; 237 NW2d 290 (1975), rather than the degree of skill an individual employee possesses. It is therefore conceivable that a given employee may establish several earning capacities throughout his working life based on his actual wages in any individual job. He may likewise lose, due to separate disabilities, more than one ability to earn a certain wage; in such circumstances, the employee should also be entitled to concurrent compensation awards.

---

Plaintiff's total years worked,
  expressed as months =      315 months (26 years, 3 months)
Years worked at Lakey =      300 months (25 years)
Years worked at Eagle-Ottawa =    15 months (1 year, 3 months)
  To arrive at the proportion each employment contributed to the disability (expressed as a rounded percent):

Lakey:       $\dfrac{300}{315}$ =      .9524 or 95%

Eagle-Ottawa:  $\dfrac{15}{315}$ =      .0476 or  5%

We are persuaded that this situation exists in the case at bar. Due to his lung disability, plaintiff had a net loss of $50 in earning capacity, based on the difference between his wages at Lakey Foundry and those at Eagle-Ottawa. For this loss, the WCAB properly awarded plaintiff two-thirds of this difference, or $33.67 in weekly benefits pursuant to MCL 418.361; MSA 17.237(361).

We next address the issue of whether the WCAB's award of $133.67 exceeded the statutory maximum of $106 per week. In *Thumser v Lakey Foundry, supra,* another panel addressed an identical contention on facts analogous to the case at bar and concluded that the weekly benefits could not exceed the statutory maximum. Applying the *Thumser* reduction method to the case at bar, we find that Lakey's maximum award equals $128.67 ($95 for the back injury after apportionment, and $33.67 for plaintiff's lung disability). After reduction, we hereby direct defendants Lakey Foundry and the SISF to pay plaintiff $102.03 per week in benefits. Defendant Eagle-Ottawa's maximum award equals $5, representing its proportionate liability for plaintiff's total back disability; after reduction, Eagle-Ottawa is hereby ordered to pay plaintiff benefits of $3.97 per Week.[3]

To summarize, we affirm the WCAB's findings of fact and award of $100 per week compensation to plaintiff based on his employment at Eagle-Ottawa, and its award of $33.67 per week based on his employment at Lakey Foundry. We reverse the board's refusal to apportion liability for the plain-

[3] The reduction formula set out in *Thumser v Lakey Foundry, supra,* at 324, fn 4, is applied as follows to the awards at issue in the instant case:

$106 divided by $133.67 (the total maximum awards) equals .7929976, the reduction fraction. Hence, Lakey's liability equals $128.67 times .7929976, or $102.035, say $102.03; Eagle-Ottawa's liability equals $5 times .7929976, or $3.965, say $3.97.

tiff's back condition and remand for entry of an order apportioning liability for the benefits awarded, 95% as to Lakey Foundry and SISF and 5% as to Eagle-Ottawa. We further find that the WCAB erred as a matter of law in awarding plaintiff compensation in excess of the statutory maximum of $106 per week, and reduce it to conform to that maximum.

Reversed and remanded for entry of an order consistent with this opinion.